(February 9, 1990)

In the Matter of GANNETT WESTCHESTER ROCKLAND NEWSPAPERS, Petitioner, v JOHN R. LACAVA, Respondent.—

Adjudged that the petition is granted, on the law, without costs or disbursements, and the respondent is directed to open to the public and press all proceedings conducted with respect to indictment number 88-001359-01, to make available for inspection and copying all papers filed in connection with the motion of Alex Rodriguez to suppress, and to permit the public and press to obtain the transcripts of any closed-door hearings upon the payment of the appropriate fees.

Alex Rodriguez has been charged in Westchester County indictment number 88-001359-01 with the crimes of murder in the second degree and criminal possession of a weapon in the fourth degree arising from the killing on September 19, 1988 of a 37-year-old mother of two children. He has remained incarcerated since his arrest on September 20, 1988. On January 24, 1990, the date on which a *Huntley* hearing was scheduled to commence in Westchester County, the defense counsel moved before the respondent Judge LaCava to close the hearing to the public in order to "avoid the risk that the possible jury venire panel would be contaminated by material that may be suppressed or precluded". After an in camera proceeding at which Alex Rodriguez, his counsel and the prosecutor were present, Judge LaCava ordered the courtroom closed to the public and press during the suppression hearing. Although a representative of the petitioner was afforded an opportunity to persuade Judge LaCava to reconsider, he adhered to his original determination, and directed that a redacted transcript of the hearing would be made available to the petitioner as soon as the jury had been selected. The petitioner then commenced the instant proceeding.

It is well settled that while all court proceedings are presumptively open to the public, the right of the public and the press to attend court proceedings is not absolute *(see, Matter of Westchester Rockland Newspapers v Leggett,* 48 NY2d 430, 438). As a general rule, "[t]he presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest" *(Press-Enterprise Co. v Superior Ct.,* 464 US 501, 510).

In order to override the qualified right of access of the

public and the press, a request to close a courtroom must be predicated on specific findings which demonstrate both a substantial probability that Alex Rodriguez's right to a fair trial would be prejudiced by the publicity and the absence of reasonable alternatives to closure which could adequately protect his right to a fair trial *(see, Matter of Associated Press v Bell,* 70 NY2d 32, 39). While recognizing that suppression hearings pose a peculiar risk insofar as adverse pretrial publicity could inflame public opinion and taint potential jurors by exposing them to inadmissible evidence of a prejudicial nature, the Court of Appeals also recognized that a hypothetical risk of prejudice cannot justify a categorical denial of access *(see, Matter of Associated Press v Bell, supra,* at 38).

Although the requirement of " 'specific findings' " is not so stringent as to effectively compel the divulgence of that which is sought to be kept confidential *(Matter of Associated Press v Bell, supra,* at 39), we are confronted here with a situation in which the requisite standards for excluding the public and the press from the courtroom have not been met. In contrast to *Matter of Poughkeepsie Newspapers v Rosenblatt* (92 AD2d 232, *affd* 61 NY2d 1005), no jury has yet been selected here and, moreover, there is no evidence here of intensive publicity surrounding the trial sufficient to support a finding that access by the press to the hearing would undoubtedly raise a significant danger that information concerning the substance of the challenged evidence would reach the jurors. The following language of the Court of Appeals is particularly appropriate in this context: "By denying public access to the suppression hearing on a 'possibility' that there might be tainted, non-public evidence that might impair the selection of an impartial jury—which could very likely be said of every suppression hearing in every highly publicized case—the trial court improperly closed the door on petitioners' First Amendment rights" *(Matter of Associated Press v Bell, supra,* at 40). Such a result will not be condoned. Accordingly, the respondent is directed to open the suppression hearing to the press and the public, to make available to the press and public all papers filed in connection with the motion by Alex Rodriguez to suppress evidence, and to permit the public and the press to obtain transcripts of any hearings, upon the payment of the appropriate fee. Rubin, J. P., Sullivan, Balletta and Rosenblatt, JJ., concur.