■ In the Matter of DAILY GAZETTE COMPANY, Petitioner, v CLIFFORD T. HARRIGAN, as Judge of the County Court of Schenectady, et al., Respondents. [618 NYS2d 469] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent County Judge of Schenectady County which, *inter alia,* excluded all members of the public and press from a sentencing hearing in a criminal action.

Seventeen-year-old respondent Amy Wood appeared before the County Court of Schenectady County and, responding to charges arising from the death of her newborn son, pleaded guilty to second degree manslaughter. At her sentencing hearing, Wood was declared a youthful offender, whereupon her attorney moved to have the remainder of the proceedings conducted in private. Respondent County Judge (hereinafter respondent), over objections from the press, granted the motion and cleared the courtroom before sentencing Wood. Petitioner commenced this CPLR article 78 proceeding seeking to have respondent's determination annulled and to gain access to that portion of the transcript of the hearing which sets forth the terms of the sentence imposed.

Initially, we are not persuaded that the proceeding must be dismissed for failure to join the District Attorney of Schenectady County as a party. Contrary to respondent's assertion, CPLR 7804 (i) does not apply here, because petitioner was not a party to the underlying criminal action. Moreover, complete relief can be afforded the parties without involving, or inequitably affecting, the People, who neither initiated nor opposed the closure motion *(see,* CPLR 1001 [a]).

As petitioner correctly notes, the proceeding at issue involved a felony offense, and therefore CPL 720.15 (2), which

generally vests the trial court with broad discretion to close youthful offender proceedings if the defendant consents, is inapplicable *(see,* CPL 720.15 [3]; *Matter of Capital Newspapers Div. of Hearst Corp. v Moynihan,* 71 NY2d 263, 265). Inasmuch as both Wood's application to close the courtroom, and the rationale given by respondent for doing so, were based on the discretionary closure authority conferred upon the court by CPL 720.15 (2)—no other basis for maintaining the secrecy of the proceedings having been advanced—petitioner is entitled to the relief sought *(see, Matter of Capital Newspapers Div. of Hearst Corp. v Moynihan, supra,* at 272-273; *see also, Matter of Gannett Westchester Rockland Newspapers v La-Cava,* 158 AD2d 495, 496-497).

Mikoll, J. P., Mercure and Peters, JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted.