The STATE of Ohio, Appellee,

v.

ASHBURN, Appellant.

[Cite as *State v. Ashburn* (1996), 113 Ohio App.3d 469.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5-96-11.

Decided June 14, 1996.

*Robert A. Beutler, Jr.*, Assistant Director of Law, for appellee.

*Steven D. Christopher*, for appellant.

HADLEY, Presiding Judge.

Defendant-appellant, Arthur L. Ashburn II ("appellant"), appeals from the judgment of the Findlay Municipal Court, Hancock County, convicting and sentencing him for a violation of R.C. 4511.19(A)(1).

On July 3, 1993, appellant was arrested for operating a motor vehicle while under the influence of alcohol ("DUI") and placed under an administrative license suspension ("ALS"). The arrest was appellant's second for DUI in five years.

On December 12, 1995, appellant filed two motions to dismiss, one motion challenging the constitutionality of Ohio's DUI legislation, and the second arguing that the ALS and DUI conviction violated the Double Jeopardy Clauses of the United States and Ohio Constitutions. On December 14 and 15, 1995, the trial

court overruled these motions. Subsequently, appellant pled no contest to the charges and consented to a finding of guilty. The trial court found appellant guilty and sentenced him accordingly.

It is from this judgment that appellant asserts two assignments of error.

### Assignment of Error Number One

"The trial court erred in overruling defendant's motion to dismiss concerning the constitutionality of Ohio's OMVI statute."

Appellant alleges numerous bases for his argument that the DUI legislation is unconstitutional. At least four of these bases were addressed by this court in *State v. Clark* (Jan. 18, 1996), Hardin App. No. 6–95–10, unreported, 1996 WL 16861. The arguments addressed, and disposed of, in *Clark* are appellant's arguments herein that (1) the mandatory incarceration required by R.C. 4511.99 for the misdemeanor crime of operating a motor vehicle while under the influence is disproportionate to the rest of the Ohio Revised Code's statutory sentencing scheme so that it violates the constitutional prohibition against cruel and unusual punishment; (2) the mandatory sentencing results in misdemeanor violators being treated more harshly than violators of more serious criminal statutes in violation of the equal protection guarantees of the United States and Ohio Constitutions; (3) the penalty portion of the sentencing statute improperly usurps the power of a municipality for self-government as set forth in Section 7, Article XVIII of the Ohio Constitution; and (4) the DUI legislation is fraught with forfeitures and excessive hidden fines in violation of the Excessive Fines Clauses of the United States and Ohio Constitutions.

This court determined in *Clark, supra,* that all of these attacks upon the DUI legislation as being unconstitutional were without merit, and determined that the DUI legislation is constitutional. Additionally, particular to this case, we have reviewed the record, and do not find that appellant's vehicle was subject to forfeiture or that appellant was subject to a fine grossly disproportionate to the offense committed.

Appellant also asserts several other bases to support his argument that the DUI legislation is unconstitutional.

Three of the additional bases raised by appellant in his brief relating to the ALS proceedings (the DUI legislation permitting the arresting officer's "sworn report" to be admitted as prima facie proof in an appeal of an ALS conflict with the Ohio Rules of Evidence prohibiting the introduction of hearsay evidence, the "no stay" provision of R.C. 4511.191[H] violates the separation of powers clause of the United States Constitution and doctrine embedded in Ohio law, and Form 2255 violates due process principles), which may have been raised in *Clark* but not addressed for the reason set forth below, all relate to the ALS.

■ As stated in *Clark*, because the ALS is a final, appealable order, any issues relating to the ALS should be raised in an appeal from the ALS and, therefore, cannot be raised by the defendant during the appeal of his criminal conviction.

Moreover, other appellate courts have addressed identical arguments and found them to be without merit. *Groveport v. Lovsey* (Sept. 5, 1995), Franklin App. No. 95APC01–83, unreported, 1995 WL 527769; *Akron v. Kirby* (Feb. 28, 1996), Summit App. No. 17307, unreported, 1996 WL 84630; but, see, *State v. Sanders* (Sept. 29, 1995), Miami App. Nos. 95–CA–11 and 95–CA–12, unreported, 1995 WL 634371 ("the absolute prohibition of judicial stays of administrative license suspensions in R.C. 4511.191[H] violates the separation of powers principle").

■ Additionally, appellant has no standing to challenge whether the "no stay" provision violates App.R. 8 because appellant did not seek a stay in this court.

■ Finally, appellant asserts that the sentencing scheme for the DUI legislation, R.C. 4511.99, violates the Ohio Constitution's prohibition against *ex post facto* laws. For the reasons set forth in *Sanders, supra*, at 15–16, we hold that R.C. 4511.99 is not an *ex post facto* law. Therefore, this argument is without merit.

Appellant's first assignment of error is overruled.

### Assignment of Error Number Two

■ "The trial court erred in finding that the appellant's prosecution was not barred by double jeopardy."

Appellant argues that the penalties he received violated the Double Jeopardy Clause of the Ohio and United States Constitutions because he has been convicted of, and sentenced for, a violation of R.C. 4511.19(A)(1) in addition to the ALS to which he has been subjected pursuant to R.C. 4511.191 relating to the same charge.

This assignment of error is overruled on the authority of *State v. Miller* (May 12, 1995), Auglaize App. No. 2–94–32, unreported, 1995 WL 275770, wherein this court held that an ALS is remedial in nature and does not constitute punishment under the Double Jeopardy Clause.

For the reasons stated herein, appellant's assignments of error are without merit, and the judgment of the Findlay Municipal Court is affirmed.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.