OPINION OF THE COURT
Zelda Jonas, J.
On February 11, 1997, a criminal proceeding was scheduled for trial before the Honorable Peter B. Skelos in the First District Court, 99 Main Street, Hempstead, New York, under information No. 15390/96 charging the defendant, Jon Christian Sajous, with the crime of criminal solicitation in the fourth degree (Penal Law § 100.05 [1]) and attempted tampering with a witness in the third degree (Penal Law §§ 110.00, 215.11 [1]). The allegations in the information provide in sum and substance that "the defendant, an attorney representing [J.W.] on charges pending in Nassau County Court, attempted to prevent Adolfo Smith from testifying against [J.W.] by engaging Gilbert Pagan to threaten Smith with physical injury should Smith testify.” Attached to the information is a sworn supporting deposition from Gilbert Pagan alleging, insofar as it is pertinent to this application, that: "On May 6, 1996, I went with my attorney, Jon Christian Sajous, to the District Court Courthouse on Main Street in Hempstead, NY. When we left the courthouse, I gave Sajous a ride back to his office. At that time, Sajous asked me to contact a person who is a witness against another client of his, [J.W.]. Sajous told me that he wanted the witness, Adolfo Smith, threatened. Sajous told me that he wanted to be certain that Smith would be so afraid of being beaten up that he would not testify against [J.W.] in [J.W.’s] robbery case.”
On Tuesday, February 11, 1997, the day of trial, the People submitted an ex parte application to this court for an order "directing the unsealing of the files and records of the Nassau *667 County Criminal Courts, the Nassau County District Attorney’s Office, and the Nassau County Police Department pertaining to Indictment Number 94814”. The People seek the "unsealing” of indictment No. 94814 which pertains to the youthful offender adjudication of J.W., who is named in information No. 15390/96 as the individual who Jon Christian Sajous allegedly represented prior to indictment and whose representation is the subject of the criminal proceedings in District Court.
The People have made a representation to the court that prior to jury selection "The Honorable Peter Skelos of the Nassau County District Court has ruled that he will preclude the People and their witnesses from mentioning anything about the case” (People’s affirmation, at 3). Accordingly, the People have requested that the following information be disclosed to the People: "the fact that there were criminal charges pending in May of 1996 against the defendant charged under Indictment 94814, the underlying facts of that indictment, the identity of the witness, the fact that the defendant had been arraigned on the indictment, and that Sajous had requested an adjournment of the case to May 22. It is conceivable that there may be additional facts associated with Sajous’ representation of that defendant which may also be required to prove the current charges. In addition, if the defense should allege that the defendant named in Indictment 94814 was not guilty of the charge, the People would then need to be able to introduce the disposition of the case. Also, the prospective jurors would need to be informed of the name of that defendant so that anyone familiar with the person could be excluded from service. To be precluded from using any of this information at trial would cause the People to be unable to prove the charges against Sajous and would result in an unintended miscarriage of justice” (People’s affirmation, at 4).
The People contend that they are entitled to the records containing the information sought since this is information already in the possession of the People; the information that was obtained was public during the proceedings prior to the youthful offender adjudication, citing subdivision (3) of CPL 720.15, and the People assert that the facts remain public. The People have advised the court that: "The People are not seeking to raise the fact of any conviction or to use it against the defendant named in Indictment 94814 in any way. We are merely seeking to use information which was public prior to the youthful offender finding” (People’s reply affirmation, at 4).
Therefore, the People request, in the alternative, that the court "rule that such an unsealing order is not necessary as *668 the evidence the People seek to introduce was and remains public” (People’s reply affirmation, at 5).
The People’s papers were served upon the former attorney who represented the youthful offender, John J. Marshall, Esq. Counsel submitted an affirmation on February 13, 1997 opposing any unsealing of the records under indictment No. 94814 since his client, J.W., is not himself on trial in District Court on any criminal matter, and the unsealing of the record would violate his privacy right. Counsel has advised the court that he has spoken with the mother of the youthful offender, and she strenuously objects to the unsealing of his record, and her son felt the same way (defendant’s affirmation, at 1).
The People’s request for a ruling by this court that the records do not have to be unsealed is inappropriate. According to the People, the Honorable Peter B. Skelos has already made a ruling not to allow any information involving the youthful offender adjudication under indictment No. 94814 be admitted into evidence during the trial in District Court without a court order unsealing the records. This court does not have the jurisdictional authority to act as an appellate court to set aside a ruling made by a District Court Judge. However, even if the court was endowed with such authority, the People’s contention that the youthful offender records do not have to be unsealed is incorrect.
While it is hornbook law that the People are clearly allowed to introduce into evidence the underlying acts of a youthful offender adjudication without the necessity of a court order to unseal the youthful offender adjudication (People v Cook, 37 NY2d 591), the remaining information sought to be used by the People is confidential and requires the authorization of the court.
The People’s reliance on subdivision (3) of CPL 720.15 for the proposition that the records remain available to the public is misplaced. Subdivision (3) of CPL 720.15 merely provides that where there is a pending felony involving a youth eligible for youthful offender treatment, the arraignment on the accusatory instrument and all proceedings in the action are not to be conducted in private. The records of an eligible youth are not sealed until there has been a youthful offender adjudication and a sentence (CPL 720.35 [2]; Matter of Capital Newspapers Div. of Hearst Corp. v Moynihan, 71 NY2d 263, 272).
The fact that the proceedings involving a youth eligible for youthful offender adjudication were held in a public forum does not logically lead to the conclusion that all of the official *669 records involving the proceedings prior to youthful adjudication remain public. This reasoning does not fit well within the policy framework of the youthful offender statutes.
CPL article 720 embodies the procedures for youthful offender treatment. Youths charged with crimes alleged to have been committed when they were 16 to 19 years old, and persons charged as juvenile offenders are, with some exceptions, eligible for youthful offender status (CPL 720.10 [1], [2], [3]). Eligible youths are tried as criminal defendants. Upon conviction, if the court makes a "youthful offender” finding, the conviction is deemed vacated and replaced by the youthful offender finding (CPL 720.20 [1]; 720.10 [4]). The youthful offender finding and sentence imposed together constitute a "youthful offender adjudication” (CPL 720.10 [6]; 720.20; Matter of Capital Newspapers Div. of Hearst Corp. v Moynihan, supra, at 268).
The policy reason for youthful offender adjudication of certain individuals is the avoidance of the stigma and practical consequences accompanying a criminal conviction as provided for in CPL 720.35 (1) (People v Drayton, 39 NY2d 580, 584; People v Cook, 37 NY2d 591, supra). The requirement found in CPL 720.35 (2) that a youthful offender’s records generally remain confidential assures that the provisions of CPL 720.35 (1) are carried out — that a youthful offender has no stigma or disability of a criminal conviction or criminal record (Matter of Capital Newspapers Div. of Hearst Corp. v Moynihan, supra, at 272).
The fact that the proceedings were public while a person was an eligible youth does not negate the effect of the mandatory sealing of the records upon a youthful offender adjudication. The status of the defendant changed from that of an eligible youth, who is tried as a criminal defendant, to a youthful offender who has no judgment of conviction for a crime. The sealing provision of CPL 720.35 (2) provides protection for the latter. The People cannot circumvent the sealing protection of CPL 720.35 (2) by now claiming that the records remain public since the adjudicatory portion of the felony proceedings was held in a public forum pursuant to CPL 720.15 (3).
Since the records are deemed to be sealed, the issue presented to this court is whether or not the official records under indictment No. 94814 should be unsealed and made available to the People pursuant to CPL 720.35 (2).
The People’s application is properly before this court since the youthful offender adjudication was rendered by this court (Royal Globe Ins. Co. v Mottola, 89 AD2d 907, 908).
*670 Subdivision (2) of CPL 720.35 provides: "Except where specifically required or permitted by statute or upon specific authorization of the court, all official records and papers, whether on file with the court, a police agency or the division of criminal justice services, relating to a case involving a youth who has been adjudicated a youthful offender, are confidential and may not be made available to any person or public or private agency, other than an institution to which such youth has been committed, the division of parole and a probation department of this state that requires such official records and papers for the purpose of carrying out duties specifically authorized by law” (emphasis added).
As the People have established no statutory authority for disclosure of the information, specific authorization of the court is required for release of the records (Matter of Blanche v People, 193 AD2d 991; People v Whitehurst, 167 Misc 2d 383; People v J.K., 137 Misc 2d 394).
The sealing provisions under CPL 720.35 (2) provide no guidelines for the court in determining whether the application could be made ex parte, what person or agencies can request authorization for unsealing the records, and what standard the court should apply in determining whether or not to unseal the records of a youthful offender.
For some guidance, the court has considered the provisions of CPL 160.50, which governs the terminations of criminal actions in favor of the accused (CPL 160.50 [3]). The sealing provisions of CPL 160.50 are somewhat similar to the sealing provisions of CPL 720.35 (2). CPL 160.50 provides for the sealing of "all official records and papers” of the court, police agency and prosecutor’s office and that they are not to be made available to any person or public or private agency (CPL 160.50 [1] [c]). The policy considerations of CPL 160.50 are similar to CPL 720.35 in that "both provisions were 'intended to remove the "stigma” of the alleged criminal activity and its adverse affect on the accused, thereby affording protection to such accused in the pursuit of employment, education, professional licensing and insurance opportunites’ ” (People v Gallina, 110 AD2d 847, 848, quoting People v Anderson, 97 Misc 2d 408, 412).
The Court of Appeals has held that the unsealing of records under CPL 160.50 does not infringe upon a person’s constitutional rights since there is nothing indicating a legislative intent to confer a "constitutionally derived 'substantial right’ ” (People v Patterson, 78 NY2d 711, 716). Similarly, there is no evidence in the legislative history of CPL 720.35 or the ac *671 companying statutes that would infringe upon the constitutional rights of a youthful offender if the court decides to unseal portions of the records of a youthful offender (cf., Soucie v County of Monroe, 736 F Supp 33). In fact, the Court of Appeals has given the indication in People v Gray that the youthful offender statutes provide a statutory right and not a constitutional right by allowing youthful offender adjudications from foreign jurisdictions to be admissible at a Sandoval proceeding against a defendant facing criminal charges (People v Gray, 84 NY2d 709, 713-714).
The language of CPL 720.35 (2) authorizing disclosure of all official records and papers upon "specific authorization of the court” follows from the inherent discretionary power of the court to control its own records (Royal Globe Ins. Co. v Mottola, 89 AD2d 907, 908, supra). Courts have an inherent power to unseal their records when justice demands it, but the exercise of the inherent power to unseal is to be limited to rare and "extraordinary circumstances” (Matter of Hynes v Karassik, 47 NY2d 659, 664) and only upon a compelling demonstration (of necessity) "that without an unsealing of criminal records, the ends of protecting the public * * * cannot be accomplished” (Matter of Dondi, 63 NY2d 331, 338; see, Matter of Joseph M., 82 NY2d 128).
The instant application by the People presents one of these rare and extraordinary circumstances that requires this court to exercise its inherent powers.
The People have demonstrated a compelling need to unseal the court record on the youthful offender adjudication. The facts derived from the youthful offender adjudication under indictment No. 94814 are inextricably interwoven with the pending prosecution of the defendant, Jon Christian Sajous, under information No. 15390/96. The charges against that defendant are allegedly derived from the defendant’s conduct in representing the eligible youthful offender, J.W., prior to indictment. The People cannot prosecute their case without some of the information requested from the sealed file.
However, the court has to be mindful of the statutory right of the youthful offender to be free from the "stigma” flowing from an accusation of criminal conduct (CPL 720.35 [1]). Accordingly, in striking a delicate balance between the compelling need of the prosecution and the statutory right of the youthful offender, the court has completed an in camera inspection of the court records and grants the People’s application to unseal the court records of the youthful offender under indictment No. 94814 to the limited extent stated herein.
*672 The People’s request to disclose the fact that criminal charges were pending in May 1996, against J.W. under indictment No. 94814, the name "J.W.”, and the identity of the victim, Adolfo Smith, is granted to the extent that the court will disclose felony complaint No. 30143 and a copy of the indictment to the People. This information requested is already contained in the information, the accusatory instrument filed in District Court which has already been made public.
The People can present the underlying acts that resulted in the youthful offender adjudication through the testimony of their witnesses, and the records do not have to be unsealed for this purpose (People v Cook, 37 NY2d 591, supra).
The People’s request for disclosure of the fact that Sajous represented the youthful offender, J.W., is granted. The court will disclose the notices of appearances dated October 18, 1994 and October 20, 1995 to the People.
The People’s request to obtain information that the defendant had been arraigned on the indictment and that Sajous had requested an adjournment of the case to May 22nd is granted. The People can obtain transcripts of these proceedings, which were held in public at the time (CPL 720.15 [3]), limited to the plea entered at the time of the arraignment and the appearance of the attorney representing the defendant at that time, and the court will disclose a photocopy of the back of the court jacket indicating the adjournment dates and a letter addressed to J.W. from the office of the Chief Clerk of Nassau County indicating the date of arraignment on the indictment.
The People’s request to disclose the location of the offense and the home address of the witness, Adolfo Smith, can be testified to by the People’s own witness.
The People are prohibited from introducing the criminal conviction which was vacated upon the youthful offender adjudication and the sentence imposed under indictment No. 94814.
The court records under indictment No. 94814 otherwise remain sealed.
Upon the conclusion of the trial in District Court, the People are directed to return those items enumerated above to the Clerk of the Court to be sealed immediately.
The People have made a request to unseal their own records. CPL 720.35 (2) does not expressly provide for the sealing of the records of the office of the District Attorney. Only the official *673 records and papers on file with the court, a police agency, or the Division of Criminal Justice Services are sealed to prevent them from being made available to the public. Accordingly, the court does not have the statutory authorization to unseal the files of the office of the District Attorney (People v J.K., 137 Misc 2d 394, 395, supra).
The People’s request to unseal the records of the Nassau County Police Department is denied.
Today, February 20, 1997, the People have submitted an additional affirmation requesting that the court unseal the Grand Jury testimony of the People’s witness, Adolfo Smith, and the testimony of Smith given before the school authorities as Rosario material (People v Rosario, 9 NY2d 286).
Adolfo Smith will be appearing as the People’s witness in the case pending in District Court. The People are required to turn over all Rosario material to defense counsel prior to the prosecutor’s opening address (CPL 240.45). Accordingly, the court finds that the People have made a strong showing of a compelling and particularized need for the Grand Jury testimony (CPL 190.25 [4] [a]; Matter of Lungen v Kane, 88 NY2d 861, 862; see, Matter of District Attorney of Suffolk County, 58 NY2d 436, 444). Therefore, the People’s request to unseal the Grand Jury testimony of Adolfo Smith is granted.
The testimony given before the school authorities for use at the trial is not part of the court’s file and does not come within the purview of this application.
Upon completion of the trial in District Court, the Grand Jury testimony of Adolfo Smith is to be resealed.