JOURNAL ENTRY and OPINION.
{¶ 1} Gregg Morrison appeals his felony conviction for driving under the influence ("DUI"). He argues that R.C. 4511.99 violates the prohibition against ex post facto and retroactive application of laws and that the trial court erred by considering one of his prior juvenile convictions for enhancement of his penalty. We find no merit to the appeal and affirm Morrison's conviction.
 {¶ 2} Morrison was charged with a fourth degree felony DUI. He moved to delete his prior convictions from the indictment. The prosecutor submitted evidence of three prior DUI convictions from the State of New York, and the court denied Morrison's motion. After he pled no contest, the court referred him to the probation department for a presentence report.
 {¶ 3} On July 24, 2002, Morrison was sentenced to 60 days in the county jail. The trial court also suspended his driver's license for life and ordered that his vehicle be forfeited.
 {¶ 4} Morrison's sentence was stayed pending appeal. He raises three assignments of error for our review.
 Prohibition of Ex Post Facto and Retroactive Laws {¶ 5} In his first and second assignments of error, Morrison argues that using his prior convictions to enhance the degree and penalty of his DUI conviction violates the constitutional prohibition against ex post facto and retroactive application of laws, because at the time of his prior DUI convictions, the enhancement penalty under R.C. 4511.99 did not encompass prior offenses from more than five years previously and did not include out-of-state convictions in the look-back period.
 {¶ 6} Pursuant to R.C. 4511.99(A)(4)(a), a fourth DUI offense in six years is enhanced from a misdemeanor to a fourth degree felony. R.C.4511.99 also specifically includes prior DUI convictions committed in other states for enhancement purposes. It is well established that statutes which enhance the penalty for repeat offenders based upon criminal conduct occurring prior to the passage of the enhancement provision do not constitute ex post facto or retroactive application of legislation because the enhancement provisions do not punish the past behavior, but merely increase the severity of the penalty imposed for criminal conduct that occurs after the passage of the enhancement legislation. Blackburn v. State (1893), 50 Ohio St. 428, 438; State v.
Sargent (1998), 126 Ohio App.3d 557, 567; City of Akron v. Kirby (1996),113 Ohio App.3d 452, 460. The United States Supreme Court has also held that punishing a recidivist more severely than a "first offender" is justified. Solem v. Helm (1983), 463 U.S. 277, 296.
 {¶ 7} R.C. 4511.99(A) does not impose a punishment on Morrison for his past convictions, but merely increases the severity of the punishment imposed for his current offense committed after the passage of R.C. 4511.99
due to his past convictions. As other appellate districts in Ohio have already found, the look-back period for enhancing the DUI penalty does not violate the prohibition against ex post facto or retroactive application of laws. See, State v. Ashburn (1996), 113 Ohio App.3d 469,472; State v. Vermillion (June 24, 1999), Seventh Dist. No. 98-BA-16;City of Akron v. Kirby, supra; State v. Sanders (Sept. 29, 1995), Second Dist. No. 95 CA 11, 95 CA 12.
 {¶ 8} For similar reasons, the fact that at the time Morrison committed his first two DUI offenses, R.C. 4511.99 did not include out-of-state DUI convictions, does not constitute ex post facto or retroactive application of laws. Morrison is not being punished for these prior convictions, but is receiving enhanced punishment for a DUI committed after R.C. 4511.99 was amended to include out-of-state DUI convictions.
 {¶ 9} Morrison's first and second assignments of error are overruled.
 Full Faith and Credit Clause {¶ 10} In his third assignment of error, Morrison argues that the trial court should not have considered his January 1996 DUI conviction for enhancement of his current DUI charge to a felony because it occurred when he was a juvenile and, therefore, does not constitute a conviction under New York law.
 {¶ 11} Prior to the enactment of R.C. 2901.08, effective January 1, 1996, juvenile traffic offenders' adjudications were not classified as convictions and could not be used to enhance the penalty of a subsequent adult traffic conviction. State v. Glover (Aug. 19, 1999), Fifth Dist. No. 99CA30. R.C. 2901.08 states, in pertinent part:
 {¶ 12} "If a person is alleged to have committed an offense and if the person previously has been adjudicated a * * * juvenile traffic offender for a violation of a law or ordinance, the adjudication as a * * * juvenile traffic offender is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed upon the person relative to the conviction or guilty plea."
 {¶ 13} Therefore, pursuant to Ohio law, Morrison's prior juvenile traffic violation was properly considered by the trial court in determining the degree and penalty for his current DUI conviction. See,State v. Glover, supra.
 {¶ 14} Regarding giving full faith and credit to New York law, we also find the trial court did not err in considering Morrison's juvenile DUI conviction. As the court explained in United States v. Driskell, (C.A. 2, 2002), 277 F.3d 150, 152:
 {¶ 15} "In New York, an individual between the ages of sixteen and nineteen who is charged with a criminal offense (excluding certain enumerated felonies) and fulfills other specified conditions (including having not been previously convicted and sentenced for a felony nor previously adjudicated a youthful offender) is deemed an "eligible youth." N.Y. CRIM. PROC. LAW § 720.10(1)-(2) (McKinney 1995). Such an "eligible youth" is tried "as any criminal defendant would be." CapitalNewspapers Div. of the Hearst Corp. v. Moynihan, 71 N.Y.2d 263, 268,519 N.E.2d 825, 827, 525 N.Y.S.2d 24, 26 (1988). `Upon conviction of an eligible youth, the court must order a pre-sentence investigation of the defendant' and after receipt of the investigation report, `the court must determine [during sentencing] whether or not the eligible youth is a youthful offender' while considering certain enumerated factors. N.Y. CRIM. PROC. LAW § 720.20(1). n1 `Upon determining that an eligible youth is a youthful offender, the court must direct that the conviction be deemed vacated and replaced by a youthful offender finding' and sentence the defendant pursuant to § 60.02 of New York's penal law. n2 See id § 720.20(3). n3 The youthful offender finding and resulting sentence together constitute a `youthful offender adjudication.' Id. § 720.10(6). If adjudicated as a youthful offender, that adjudication is not a judgment of conviction for a crime or any other offense, * * * but is deemed a conviction only for the purposes of transfer of supervision and custody.
 {¶ 16} * * *
 {¶ 17} N1 Such a determination is not mandated in all cases, however. A defendant may waive his right to a court's determination of his eligibility if he fails to assert at the time of sentencing that he is entitled to such a determination." (Citations omitted.)
 {¶ 18} Therefore, the New York court has discretion in determining whether a juvenile qualifies as a youthful offender.
 {¶ 19} In the instant case, although Morrison was nineteen at the time of his January 1996 DUI conviction, there is no evidence that he was "adjudicated as a youthful offender." As stated above, the individual's age alone does not automatically mandate a youthful offender finding. There are other considerations the New York court must first consider before making such a determination. Because no evidence was presented to the trial court demonstrating that Morrison was determined to be a youthful offender, the trial court did not err by considering his prior convictions.
 {¶ 20} The third assignment of error is overruled.
 {¶ 21} Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and ANNE L. KILBANE, J. concur.