# United States Court of Appeals
## For the First Circuit

No. 05-1825

UNITED STATES,

Appellee,

v.

ANDRES PERALTA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Torruella, Lynch, and Howard,
Circuit Judges.

Stuart W. Tisdale, Jr., with whom Tisdale & Davis, P.A. was on brief, for appellant.
F. Mark Terison, Senior Litigation Counsel, with whom Paul D. Silsby, United States Attorney, was on brief, for appellee.

August 14, 2006

**Per Curiam**.  Andres Peralta pleaded guilty to conspiring to possess cocaine hydrochloride with intent to distribute, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and was sentenced to 135 months in prison.  He seeks a new sentencing hearing.

Peralta's flagship argument, and the only argument that warrants an extensive response, is that the district court erred in finding him a career offender under the applicable 1995 version of U.S.S.G. § 4B1.1(a) ("A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.").  Peralta says that he should not have been regarded as a career offender because one of the two "prior felony convictions" on which this finding was premised -- a 1988 New York "youthful offender adjudication," see N.Y. Crim. Proc. Law § 720.10, for the attempted sale of a controlled substance in the third degree -- should not have been counted under U.S.S.G. § 4B1.1.  Pointing out that the term "conviction" in U.S.S.G. §4B1.1 is functionally defined in U.S.S.G. § 4A1.2(a) as involving an "adjudication of guilt" obtained by "guilty plea, trial, or plea of nolo contendere," Peralta says that the government failed to establish that his 1988 "youthful offender adjudication" was so obtained.

-2-

Peralta relies on United States v. DiPina, 178 F.3d 68 (1st Cir. 1999), in making this argument. In DiPina, we considered whether, under the same provisions of U.S.S.G. § 4A1.2(a), certain juvenile dispositions wherein the defendant "admit[ted] to sufficient facts" in Rhode Island Family Court should be counted in his criminal history score. See id. at 70-71. Because the record did not divulge whether defendant's admissions were obtained by means of procedures we confidently could regard as functionally equivalent to a guilty or a nolo plea -- which at minimum require the defendant formally to admit (or to fail to contest) the commission of acts that a judge finds to constitute a crime -- we remanded for further record development. See id. at 72-78. In doing so, we emphasized that because the government was arguing in favor of counting the defendant's juvenile dispositions in the criminal history calculation, it bore the burden of "show[ing] that what happened in the prior proceeding was in substance a plea of guilty or nolo." Id. at 75 (citation and internal quotation marks omitted).

Invoking the rationale of DiPina, Peralta says that his 1988 "youthful offender adjudication" should not have been counted because the record does not reveal whether the procedures by which it was procured involved, in substance, a plea of guilty or nolo, and thus an "adjudication of guilt." Peralta's argument is very ably advanced, but we reject it because it was not presented to the

-3-

sentencing judge and because the counting of the adjudication does not constitute "plain error" within the meaning of Fed. R. Crim. P. 52(b).

To notice the alleged error under Rule 52(b), we would have to conclude, inter alia, that the sentencing judge clearly or obviously should not have counted the 1988 youthful offender adjudication in determining whether Peralta was a career offender under the guidelines. See United States v. Olano, 507 U.S. 725, 734 (1993). There is no basis for such a conclusion. Although the record contains no evidence as to how Peralta's 1988 youthful offender adjudication was obtained, or of how New York youthful offender adjudications typically take place, we may take notice of the fact that an adult "conviction" is a necessary prerequisite to a youthful offender adjudication. See N.Y. Crim. Proc. Law § 720.20(1)(a); see also United States v. Jones, 415 F.3d 256, 264 (2d Cir. 2005); United States v. Driskell, 277 F.3d 150, 152-55 (2d Cir. 2002); Capital Newspapers v. Moynihan, 71 N.Y.2d 263, 268 (1988). And there is no reason to suppose that the prerequisite adult "conviction" under New York law involves, in the case of a plea, procedures that fall short of the "adjudication of guilt" described in DiPina. See Driskell, 277 F.3d at 152 (youths eligible for youthful offender adjudications are first tried "'as any criminal defendant would be'") (quoting Capital Newspapers, 71 N.Y.2d at 152)).

-4-

Although Peralta did not cite DiPina below or make the specific argument just summarized prior to or at his sentencing hearing, he says that other objections to the counting of the 1988 youthful offender adjudication made in his sentencing memorandum, and at the sentencing hearing, sufficed to put the matter in issue. Peralta says that he has merely, and allowably, "refined" his position on appeal by providing an additional reason why the conviction should not be counted. Cf. DiPina, 178 F.3d at 72 n.7 (stating that defendant was entitled to present the appellate court with additional reasons why his admissions to sufficient facts in Rhode Island Family Court were not "the same thing" as a "conviction" under the sentencing guidelines).

Peralta's appellate argument is not a refinement. It is, rather, an entirely different position than the ones taken prior to and at the sentencing hearing, which, to the extent that they were developed at all, involved assertions that (1) the sentencing judge should not feel himself bound by Second Circuit cases addressing other arguments why New York youthful offender adjudications should not be counted, and (2) the 1988 adjudication should not be counted because it led only to a sentence of probation. Obviously, permitting a party to present an additional legal argument in favor of a position taken below invites far fewer inefficiencies than does permitting a party to take a different position entirely, especially where, as here, the new position contemplates

-5-

evidentiary submissions and factfinding that were not demanded in the lower court. The issue was not preserved.

In his counseled briefs,[1] Peralta presents three additional arguments. First, he contends that the Supreme Court's decision in Shepard v. United States, 125 S. Ct. 1254 (2005), limits the universe of evidence that the sentencing court was entitled to consider in determining whether his 1988 youthful offender adjudication involved an "adjudication of guilt" to "judicial evidence" of a type utterly lacking in this case. We leave this issue to another day because, as explained above, Peralta has forfeited his appellate argument challenging the 1988 youthful offender adjudication, and because there was no plain error in counting the 1988 adjudication, even in the absence of any evidence as to how it was procured.

Second, Peralta argues that, under the logic of Shepard, United States v. Booker, 125 S. Ct. 738 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530

---

[1]Peralta also has submitted a pro se brief which, in large measure, presents fact-specific arguments that trial counsel rendered constitutionally ineffective assistance of counsel. As is our custom, we shall let the district court have the first crack at these arguments, should Peralta wish to renew them in a motion under 28 U.S.C. § 2255. See, e.g., United States v. Mercedes Mercedes, 428 F.3d 355, 361 (2005).
   Peralta's pro se brief also hints at arguments for vacatur which go beyond his claims of ineffective assistance of counsel. We have considered these additional arguments and conclude that they provide no basis for upsetting Peralta's conviction and sentence.

U.S. 466 (2000), the fact of his prior convictions should have been proved to a jury beyond a reasonable doubt. But Almendarez-Torres v. United States, 523 U.S. 224 (1998), holds otherwise, and we have stated that we shall follow Almendarez-Torres until the Supreme Court disavows it, see United States v. Jiminez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006) (en banc).

Third, Peralta asserts that his sentence was unreasonable because it was unreasonably greater than necessary to promote respect for the law, see 18 U.S.C. § 3553(a), because the sentencing judge erroneously sought to do comparative justice between Peralta and a less culpable co-conspirator who received a 108-month sentence (which the judge failed to appreciate was handed down prior to Booker), and because the judge erroneously treated the advisory guidelines sentencing range as presumptively reasonable. But we have reviewed the transcript of the sentencing proceedings with care and are of the opinion that the judge sentenced Peralta to a reasonable prison term, that no legal error underlay the court's reference to the co-conspirator's sentence, and that the court employed a mode of analysis which was entirely consistent with that later prescribed by the en banc court in Jimenez-Beltre, 440 F.3d at 514.

**Affirmed**.

-7-