■ DORETHA LOTT, Individually and as Parent and Natural Guardian of RAYMOND LOTT, Respondent, v GREAT EASTERN MALL et al., Defendants, and THE AIRPORT et al., Appellants. (And Third-Party Actions.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiffs sued for false imprisonment, false arrest, malicious prosecution, assault and deprivation of civil rights arising out of an arrest of the infant plaintiff for harassment following an incident at

the Eastview Mall in the Town of Victor. The criminal action against the infant plaintiff was concluded when he was granted an adjournment in contemplation of dismissal. The records of the Town Court concerning the infant plaintiff were sealed pursuant to CPL 720.15 and 160.50. The defendants sought a court order requiring the plaintiffs to consent to the discovery by defendants of the Town Court records. The Special Term Justice ordered the plaintiffs to sign consent forms for the production of the records before the Trial Judge "for an 'in camera' inspection by the trial judge to enable the trial judge to make a determination as to which materials from these records should be turned over to defense counsels prior to trial". The defendants appeal from that order claiming they should have access to the records without waiting for an *in camera* inspection by the Trial Judge. We see no necessity in this case for an *in camera* inspection of the records requested by defendants. The infant plaintiff, by bringing the action for false arrest and malicious prosecution, has placed in issue probable cause for the arrest and he has thus waived the confidentiality that the statutes afforded him (*Prink v Rockefeller Center,* 48 NY2d 309; *Koump v Smith,* 25 NY2d 287; *Maxie v Gimbel Bros.,* 102 Misc 2d 296). The matters contained in the Town Court records of the criminal proceedings against the infant plaintiff are the very matters that will be the subject of this civil action and will be material to the defense of the action. The defendants should not have to await an *in camera* inspection of these records by the Trial Judge but should have discovery of the records now to allow them time to prepare for trial. The order is modified to provide that the plaintiffs shall sign consent forms permitting the defendants to have access to and copies of the records of the Victor Town Court in relation to the charges of harassment and any other charges lodged against the infant plaintiff in the Victor Town Court arising out of the incident at Eastview Mall on December 10, 1978. (Appeals from order of Supreme Court, Monroe County, Kennedy, J. — discovery.) Present — Simons, J. P., Callahan, Denman, Boomer and Moule, JJ.