■ · ROYAL GLOBE INSURANCE COMPANY, Respondent, v ARTHUR B. MOTTOLA, Appellant. — In an action to recover damages for the intentional tort of arson or for negligence in causing a fire, defendant appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Spatt, J.), dated August 29, 1979, as granted plaintiff's cross motion for partial summary judgment on the issue of liability and (2) so much of a judgment of the same court (Roncallo, J.), dated March 13, 1981, as was entered upon said order after an assessment of damages. Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment reversed insofar as appealed from, on the law, without costs or disbursements; order vacated insofar as it granted plaintiff's cross motion, and the cross motion is denied, without prejudice to renewal after further proceedings in accordance with the memorandum herein. This is an action by a subrogee fire insurer to recover damages for the intentional tort of arson, or for negligence in causing fire damage to its insured's building, against the incendiary, one Mottola. Plaintiff cross-moved for partial summary judgment on the issue of liability, alleging that in prior criminal proceedings in the County Court, Suffolk County, the defendant had, in pleading guilty to arson in the fourth degree, admitted setting the fire which was the subject of this civil action. The criminal conviction had been vacated and replaced with a youthful offender adjudication. In support of its application for an award of partial summary judgment, plaintiff annexed a copy of the plea minutes leading to that

adjudication. Special Term granted partial summary judgment upon the ground that defendant's admissions at the time of the plea, and the adjudication itself, collaterally estopped defendant from denying civil liability for the fire. On appeal defendant contends that Special Term erred in considering the plea minutes and the youthful offender adjudication as the basis for issue preclusion on the question of liability. CPL 720.35 (subd 2) states: *"Except where specifically required or permitted by statute or upon specific authorization of the court,* all official records and papers, whether on file with the court, a police agency or the division of criminal justice services, relating to a case involving a youth who has been adjudicated a youthful offender, are confidential and may not be made available to any person or public or private agency, other than an institution to which such youth has been committed, or a probation department of this state that requires such official records and papers for the purpose of carrying out duties specifically authorized by law." (Emphasis added.) Neither of the parties has pointed to any statute specifically requiring or permitting the use of the records leading to defendant's youthful offender adjudication to support an award of partial summary judgment on the ground of collateral estoppel under the circumstances presented here. Accordingly, if the strict confidentiality of the records in question is to be broached, it must be under the language of CPL 720.35 (subd 2) authorizing disclosure upon "specific authorization of the court". Although the statute does not define the term "the court", we hold that it refers to the court which rendered the youthful offender adjudication and not to another court in which an interested party wishes to utilize records made confidential under section 720.35. This follows from the general inherent power of a court to control its own records (*Matter of Dorothy D.,* 49 NY2d 212). In the present case the record of defendant's statements during the plea allocution was not properly obtained pursuant to CPL 720.35 (subd 2). The County Court rendered the youthful offender adjudication and it did not authorize the disclosure of the records of the proceedings leading thereto. Since the court which rendered the adjudication had not specifically authorized the disclosure of the records in question to the plaintiff, Special Term erred in considering them on plaintiff's application for partial summary judgment. Therefore, the grant of partial summary judgment based on the improperly disclosed record must be reversed. Our determination is, however, without prejudice to plaintiff's right to properly apply to the County Court for disclosure of the records in question, and, if disclosure is granted, to thereafter renew its motion in the Supreme Court for partial summary judgment. To authorize the use of the records of the criminal proceeding which plaintiff obtained without an order permitting their disclosure would undermine the purpose of CPL 720.35. Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.