OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Petitioner-appellant, Herald Company, seeks release of a transcript of testimony given by a 13-year-old victim during a preliminary hearing in Syracuse City Court in connection with charges of rape by a 15-year-old defendant. After denial of the application by the City Court Judge, respondent Louis Mariani, Herald commenced this article 78 proceeding in Supreme Court, Onondaga County, to prohibit enforcement of the order. Although on February 1, 1984, pursuant to the request of the Onondaga County Grand Jury, the underlying criminal matter was transferred to Onondaga County Family Court, in August 1984 Supreme Court granted the petition to the extent of ordering respondents to provide Herald with a copy of the transcript redacted to preserve the anonymity of the victim and the privacy of defendant. The Appellate Division reversed on the ground that, upon removal, Supreme Court was without jurisdiction to rule on Herald’s request for the transcript.
 

 The issue is not one of jurisdiction of Supreme Court— where jurisdiction generally lies in article 78 proceedings
 
 (see,
 
 CPLR 7804 [b]) — but rather the impact on the City Court order of removal and transfer of all records to Family Court.
 

 In urging that the City Court order remained viable and subject to review, Herald relies on CPL 725.10 (2), which provides that upon removal "[a]ll further proceedings including motions and appeals shall be in accordance with laws appertaining to the family court and for this purpose all findings, determinations, verdicts and orders other than the order of removal, shall be deemed to have been made by the family court.” This section, which assures continuity in proceedings despite transfer, cannot divest Family Court of its responsibility and power — not shared by City Court — to "consider the needs and best interests of the respondent”
 
 (see,
 
 Family Ct Act § 301.1), and to exclude the public from juvenile delinquency proceedings (Family Ct Act § 341.1;
 
 see also,
 
 Family Ct Act §§ 166, 212; 22 NYCRR 2501.2, 2501.3). Indeed, Herald’s argument based on CPL 725.10 is immediately con
 
 *670
 
 tradicted by CPL 725.15, where the Legislature has decreed that the official records of an action preceding removal become "confidential and must not be made available to any person or public or private agency” except in accordance with Family Court procedures, thus specifically imposing "the traditional Family Court veil of confidentiality” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 725.15, p 252). In this situation, then, it is apparent that the City Court order cannot simply be "deemed” a Family Court order subject to review in an article 78 proceeding. Any application for release of the transcript must be made to Family Court, to be determined in accordance with standards applicable to juvenile delinquency proceedings in that court
 
 (see, e.g., Matter of Robert M.,
 
 109 Misc 2d 427).
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
 

 Order affirmed, with costs, in a memorandum.