■ CARL LUNDELL, Respondent, v FORD MOTOR COMPANY, Appellant, et al., Defendant.—In an action to recover damages for personal injuries, the defendant Ford Motor Company (hereinafter Ford) appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered June 11, 1984, as granted the plaintiff's motion for a protective order and denied in part that branch of its cross motion which was to compel compliance with certain discovery demands and to impose sanctions.

Order modified, by (1) deleting the provision thereof grant-

ing that branch of the plaintiff's motion which was for a protective order with respect to authorizations to unseal records of the criminal proceedings against the plaintiff in Westchester County and the Town of Harrison, and substituting therefor a provision denying that branch of the plaintiff's motion, and (2) adding thereto a provision directing the plaintiff to produce any experts' reports which are in his possession or control, revealing facts observed by the expert and contained in such reports with opinions contained therein deleted, and providing that if the plaintiff fails to do so, he shall be precluded from introducing those reports or underlying factual material in evidence at trial. As so modified, order affirmed insofar as appealed from, with costs to the defendant Ford. The plaintiff's time to provide such authorizations and experts' reports is extended until 30 days after service upon him of a copy of the order to be made hereon with notice of entry.

The determination of a motion for a protective order pursuant to CPLR 3103 rests in the sound discretion of the court of first instance (see, Matter of U.S. Pioneer Elecs. Corp. [Nikko Elec. Corp.], 47 NY2d 914, 916). However, Special Term's protective order with respect to Ford's demand for the plaintiff's authorization to unseal the records of the criminal proceedings against him was irreconcilably ambiguous.

Where a party puts into issue in a civil action elements common both to the civil action and to a criminal prosecution, that party waives the privilege conferred by CPL 160.50 (see, Gebbie v Gertz Div. of Allied Stores, 94 AD2d 165). In this case, the plaintiff's intoxication, if any, and his testimony during the criminal prosecution regarding the condition of the truck's steering, are relevant.

Moreover, in addition to the question of fault, the plaintiff maintains that Ford's negligence resulted in his having to defend criminal charges and to incur needless expense in such defense, where he was without any fault. This allegation further establishes that the plaintiff has waived the privilege as conferred upon him by CPL 160.50 (see, Gebbie v Gertz Div. of Allied Stores, supra; see also, Prink v Rockefeller Center, 48 NY2d 309). Accordingly, we determine that Ford has a right to disclosure of the records of the subject criminal proceedings, and the plaintiff's motion for a protective order with respect to Ford's demand for an authorization allowing such records to be examined must be denied.

Furthermore, although Ford has obtained certain experts'

reports, it is unclear from this record whether the plaintiff has possession and control of any other experts' reports. The plaintiff maintains that the subject vehicle was completely demolished and that therefore it is no longer available for inspection. Thus, Ford has established that there is a substantial need for any reports within the plaintiff's possession and control with respect to the vehicle and that it is unable to obtain the substantial equivalent of the materials by any other means (see, CPLR 3101 [d] [2]). Only the factual data contained in those reports, and not the opinions contained therein, should be revealed (see, Stevens v Metropolitan Suburban Bus Auth., 117 AD2d 733; Anastasia v Barnes, 109 AD2d 769). If the plaintiff has any such materials and fails to produce them for Ford's discovery and inspection, then the plaintiff will be precluded from introducing them into evidence at trial (see, CPLR 3126 [2]). Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.