■ RAYMOND TAYLOR, an Infant, by His Mother and Natural Guardian, CARMEN RIVERA, et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In an action to recover damages, inter alia, for false arrest and malicious prosecution, the defendant appeals from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated July 10, 1986, as (1) conditionally granted that branch of the plaintiffs' motion which was to preclude it from asserting affirmative defenses unless it served a bill of particulars within 60 days after service upon it of a copy of court's decision, and (2) granted that branch of its cross motion which was to compel the plaintiffs to furnish it with authorizations to examine and copy the sealed records pertaining to the arrest and prosecution of the infant plaintiffs only to the extent of directing that an in camera inspection of those records should be conducted by the Judge to whom the case was assigned in the Supreme Court, Queens County.

Ordered that the order is modified, by deleting the first decretal paragraph thereof and substituting therefor a provision directing the defendant to furnish a bill of particulars within 60 days of the date of service upon it of duly executed authorizations to examine and copy the sealed records involving the infant plaintiffs, and by deleting that portion of the fourth decretal paragraph thereof which provided that the granting of the cross motion was only to the extent of providing for an in camera inspection of the sealed records, and granting that branch of the cross motion in its entirety; as so modified, the order is affirmed insofar as appealed from, with

costs to the appellant; the plaintiffs' time to provide the duly executed authorizations to examine and copy the sealed records involving the infant plaintiffs is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

This action arises out of the arrest and prosecution of the infant plaintiffs by police officers employed by the defendant New York City Transit Authority, based upon an incident on September 10, 1984, on the Shea Stadium subway station platform. All records relating to the arrests and the resulting criminal proceedings were sealed pursuant to CPL 160.50. Following the dismissal of the criminal proceedings, the plaintiffs commenced this action asserting claims, *inter alia,* to recover damages for false arrest and malicious prosecution. The defendant answered, asserting various affirmative defenses including a claim that the arrests were based upon probable cause. In conjunction with its answer, the defendant served a demand upon the plaintiffs for authorizations to examine its own sealed records and any records of the New York City Police Department relating to the arrest, as well as the sealed records of the criminal proceedings.

Thereafter, the plaintiffs served a demand for a bill of particulars with regard to the defendant's affirmative defenses. This demand went unanswered, as did a renewed request by defendant for the authorizations to examine the sealed records.

Thereupon, the plaintiffs moved to preclude the defendant from asserting its affirmative defenses and the defendant cross-moved for an order compelling the plaintiffs to provide the authorizations. The defendant also sought to change the venue pursuant to CPLR 505 (b) and 510 (1) as a matter of right from Kings County to Queens County where the incident occurred.

The Supreme Court conditionally granted the plaintiffs' motion to preclude the defendant from asserting its affirmative defenses unless it served a bill of particulars within 60 days after service upon it of a copy of the court's decision. With respect to that branch of the cross motion which sought to compel the plaintiffs to furnish authorizations to examine the sealed records, the court granted it only to the extent of directing that the records be examined in camera by the Judge to whom the case was eventually assigned in the Supreme Court, Queens County, the court having also granted the request to change venue to that county.

The court erred in failing to unconditionally grant that branch of the defendant's cross motion which was for the authorizations. CPL 160.50, which provides for the sealing of records relating to the arrest and prosecution upon the termination of a criminal proceeding in favor of the accused, is intended to provide confidentiality and avoid the stigma which might accompany such matters. However, that privilege, which is intended to protect an accused, may not be used by him as a sword to gain an advantage in a civil action. "Where a party puts into issue in a civil action elements common both to the civil action and to a criminal prosecution, that party waives the privilege conferred by CPL 160.50 *(see, Gebbie v Gertz Div. of Allied Stores,* 94 AD2d 165)" *(Lundell v Ford Motor Co.,* 120 AD2d 575, 576; *see also, Lott v Great E. Mall,* 87 AD2d 978; *Matter of Iazzetta v State of New York,* 105 Misc 2d 687; *Maxie v Gimbel Bros.,* 102 Misc 2d 296).

The material concerning the arrest and prosecution of the infant plaintiffs is clearly relevant to the issues raised by the false arrest and malicious prosecution claims and the defendant is therefore entitled to discovery of those records *(see, Gebbie v Gertz Div. of Allied Stores, supra; Maxie v Gimbel Bros., supra).* The plaintiffs, by bringing this civil action, have waived any privilege to keep these records secret from the defendant. Thus, there is no cause for them to be examined initially in camera, and the defendant is entitled to examine them itself in order to prepare its defense *(see, Lott v Great E. Mall, supra).*

Moreover, it is apparent to us that the defendant should be entitled to examine these sealed records, which, it must be noted, include its own official records of the incident, before being required to respond to the plaintiffs' demand for a bill of particulars.

Finally, we would note that as a matter of policy, in order to be consistent with the purposes of the Individual Assignment System, the preferred course in this matter would have been for the court, once having determined to grant the defendant's motion for a change of venue, to have deferred ruling upon the other issues and left their resolution to the Justice to whom the case was to be assigned in the Supreme Court, Queens County. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.