■ BARBARA KALOGRIS, Respondent, v ELEANOR W. ROBERTS, Appellant.—In an action to recover damages for malicious prosecution, the defendant appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), entered June 25, 1990, which denied her motion to unseal the records of the District Court, Suffolk County (Kiley, J.), in an action entitled *People v Kalogris,* Docket No. 15035/87.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion is granted.

The plaintiff commenced this action to recover damages for malicious prosecution after she was acquitted on charges of harassment in the District Court, Suffolk County, stemming from an incident in which she had allegedly twisted the defendant's arm. The defendant in this action was the complainant in the harassment action against the plaintiff.

In her complaint, the plaintiff alleged that, *inter alia,* the defendant swore falsely to a criminal complaint charging her with having committed the offense of harassment, with actual malice and intent to injure her good reputation, and without probable cause. The defendant then moved to unseal the file in the criminal action entitled *People v Kalogris* that had been commenced in the District Court, Suffolk County, against the plaintiff. The defendant asserted that, by bringing the malicious prosecution action, the plaintiff waived her privilege to have the record in the underlying criminal action remain unavailable to the defendant in the civil action. The motion was unopposed. The Supreme Court, Suffolk County, denied the defendant's motion to unseal the record in the underlying criminal action.

CPL 160.50 provides for the sealing of records relating to the arrest and prosecution of an accused upon the termination of a criminal proceeding in his or her favor. This statute creates a privilege to insure that one who is charged but not convicted of an offense suffers no stigma as a result of having once been the subject of an unsustained accusation *(Matter of Hynes v Karassik,* 47 NY2d 659, 662; *Taylor v New York City*

*Tr. Auth.,* 131 AD2d 460, 462). However, where an individual commences a civil action and affirmatively places the information protected by CPL 160.50 into issue, the privilege is effectively waived *(Wright v Snow,* 175 AD2d 451; *Gebbie v Gertz Div.,* 94 AD2d 165; *see also, Lundell v Ford Motor Co.,* 120 AD2d 575, 576). The privilege, which is intended to protect the accused, may not be used as a sword to gain advantage in a civil action *(Taylor v New York City Tr. Auth., supra; see also, Koump v Smith,* 25 NY2d 287, 294).

The plaintiff in this case clearly placed into issue the prosecution for harassment against her by commencing this action to recover damages for malicious prosecution based on that action. Thus, the plaintiff has waived the privilege conferred by CPL 160.50 *(see, Wright v Snow, supra).* Thompson, J. P., Lawrence, Miller and Santucci, JJ., concur.