■ YUNG-FU CHOW et al., Individually and as Administrators of the Estate of DAVID CHOW, Deceased, Appellants, v

"JOHN" BOONYAM et al., as Parents and Natural Guardians of SADULAFHAT BOONYAM, Respondents, et al., Defendant. [660 NYS2d 729] —In an action, *inter alia*, to recover damages for wrongful death, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated March 8, 1996, as granted the motion of the defendants Sagol Boonyam and Subhattra Boonyam (sued herein as John Boonyam and Jane Boonyam, respectively) for summary judgment dismissing the complaint insofar as asserted against them, and, upon renewal, adhered to so much of a prior determination of the same court, dated August 14, 1995, as denied that branch of their motion which was to inspect certain records of the Family Court, Queens County.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of Sagol Boonyam and Subhattra Boonyam for summary judgment is denied with leave to renew upon the completion of discovery, the plaintiffs' motion for the production of certain records of the Family Court, Queens County, is granted, the complaint is reinstated insofar as asserted against the defendants Sagol Boonyam and Subhattra Boonyam, and the matter is remitted to the Supreme Court, Queens County, for an in camera inspection and determination as to the discoverability of the Family Court records.

The defendant Sadulafhat Boonyam killed the plaintiffs' son with a hammer and a knife and, as a result, was convicted in criminal court of manslaughter in the second degree and criminal possession of a weapon in the fourth degree. Pursuant to CPL 330.25, the matter was removed to the Family Court, Queens County, for disposition, and the court adjudicated him a juvenile delinquent. The file of Sadulafhat's criminal proceedings was sealed (*see,* Family Ct Act § 166). Thereafter, the plaintiffs commenced an action to recover damages for wrongful death against Sadulafhat and for negligent entrustment of a dangerous weapon against the defendants Sagol Boonyam and Subhattra Boonyam, Sadulafhat's parents.

The plaintiffs moved for an order allowing them, *inter alia*, to inspect the Family Court file, after an in camera screening of the file by the Supreme Court to determine if information therein was relevant and material to the wrongful death action. The Supreme Court denied the motion. Thereafter, the Supreme Court granted the motion of the respondents to dismiss the complaint insofar as asserted against them on the ground that the plaintiffs failed to raise an issue of fact that the respondents had negligently entrusted their son with the weapons used to kill the plaintiffs' decedent. The court, upon

granting the plaintiffs' motion for renewal, also adhered to its prior determination denying access to the records of the Family Court.

Under the circumstances of the instant case, to the extent that the Family Court records sought by the plaintiffs may contain disclosable information that sheds light on the issue of the respondents' culpability, which information is not otherwise obtainable by the plaintiffs, an in camera inspection should be conducted and discovery accorded to the plaintiffs to the extent appropriate (see, People v Swiggett, 151 AD2d 625; Logan v City of New York, 148 AD2d 167, 173; People v Harder, 146 AD2d 286, 290; Early v County of Nassau, 98 AD2d 789, 790). Thus, the matter must be remitted to the Supreme Court, Queens County, for this purpose (see, People v Harder, supra), and the defendants may renew their motion for summary judgment upon the completion of disclosure. Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.