[667 NYS2d 378]

STATE FARM FIRE AND CASUALTY Co., Respondent, v JOSEPH BONGIORNO, Appellant, et al., Defendants.

Second Department, December 8, 1997

## APPEARANCES OF COUNSEL

*Barry J. Levine,* Mineola, for appellant.

*Devitt, Spellman, Barrett, Callahan, Leyden & Kenney, L. L. P.,* Smithtown *(L. Kevin Sheridan* of counsel), for respondent.

## OPINION OF THE COURT

LUCIANO, J.

The plaintiff, State Farm Fire and Casualty Co., seeks a declaration that it is not obligated to defend or indemnify Joseph Bongiorno, among others, in an underlying action arising out of an incident which occurred on February 12, 1992.

On that date the defendant Craig Schissler opened a door of his vehicle which hit a door of the vehicle of the appellant. The ensuing events are unclear. What is clear is that Schissler was injured when he was struck in the face by the appellant.

As a result of this incident the appellant was charged with assault in the third degree (Penal Law § 120.00 [1]). Thereafter, on August 6, 1992, he was adjudicated a youthful offender. All official records and papers relating to the youthful offender proceeding were sealed as confidential pursuant to CPL 720.35.

Schissler and his mother, Jean Schissler, commenced a civil action to recover damages for personal injuries against, *inter alia,* the appellant. The complaint alleged, in part, that the appellant acted deliberately, willfully, wantonly, and negligently, and that he "maliciously, willfully and violently" assaulted Schissler.

In their respective examinations before trial in the civil action, Schissler and the appellant gave different accounts of the incident. Schissler testified that he was hit twice intentionally by the appellant, once in the face, and again in the back of the

head with what he thought was a closed fist. The appellant asserted that he struck Schissler only once. He described an essentially accidental bodily contact while he was excited and "screaming, yelling, whatever". He was swinging his hands "just like to swat [Schissler] away" and believes he struck Schissler with the back of his hand.

In the civil action, the appellant sought a defense and indemnification from the plaintiff pursuant to an insurance policy issued to his parents. The plaintiff commenced this declaratory judgment action seeking to be relieved of its obligation to provide a defense and indemnification on the ground that the underlying incident was not "an accident" for which insurance coverage was provided. The plaintiff alleged that coverage is excluded for acts intended by the insured, or for willful and malicious acts.

In order to establish that it is not obligated to provide the appellant with a defense and indemnification, the plaintiff moved in the District Court, First District, Nassau County, where the appellant was adjudicated a youthful offender, for an order pursuant to CPL 720.35 to unseal the records including the minutes of his plea allocution. That motion was denied by an order dated August 14, 1995 (Parga, J.).

Thereafter, the plaintiff served a notice to admit pursuant to CPLR 3123 in the instant declaratory judgment action, seeking admissions of the following items:

"1. As a result of the incident between Craig Schissler and Peter Bongiorno* on February 12, 1992, Peter Bongiorno was criminally charged with a violation of New York Penal Law § 120 (1) *[sic]*.

"2. On or before August 6, 1992, in the District Court of Nassau County, under index number 4381-92, before the Honorable Judge John Kingston, Peter Bongiorno pled guilty under Penal Law § 120 (1) *[sic]*, and was sentenced as a youthful offender.

"3. On or before August 6, 1992, in the District Court of Nassau County, under index number 4381-92, before the Honorable Judge John Kingston, Peter Bongiorno pled guilty under Penal Law §§ 110 *[sic]*, 120 (1) *[sic]*, and was sentenced as a youthful offender."

---

* Although the notice to admit referred to Peter Bongiorno rather than Joseph Bongiorno, it is obvious from the context that the intended reference was to Joseph Bongiorno. The record and briefs clearly indicate that this is the understanding of the parties as well.

The appellant moved, *inter alia,* for a protective order striking the notice to admit, and for an order prohibiting the plaintiff "from seeking the same information by any other disclosure device". The appellant argues that the plaintiff was attempting, by the notice to admit, to gain access to the contents of the confidential District Court records. If successful, the plaintiff would accomplish indirectly what it was prohibited from doing directly by the order of the District Court, First District, Nassau County.

The Supreme Court, Nassau County (Kohn, J.), denied the motion to strike the notice to admit opining that the plaintiff was not seeking the records, and that it was "entitled to the information sought that is the basis of the underlying lawsuit" against the appellant.

In analyzing whether the plaintiff is entitled to the information it seeks, the starting point of inquiry is CPL 720.35 (2) which provides: "Except where specifically required or permitted by statute or upon specific authorization of the court, all official records and papers, whether on file with the court, a police agency or the division of criminal justice services, relating to a case involving a youth who has been adjudicated a youthful offender, are confidential and may not be made available to any person or public or private agency, other than an institution to which such youth has been committed, the division of parole and a probation department of this state that requires such official records and papers for the purpose of carrying out duties specifically authorized by law."

The courts have repeatedly ruled that a youthful offender adjudication cannot be used to impeach the youthful offender's credibility. However, the youthful offender may be questioned about the illegal or immoral acts underlying the adjudication *(see, e.g., People v Gray,* 84 NY2d 709; *People v Greer,* 42 NY2d 170).* Notwithstanding these rules regarding impeachment, they do not provide an answer to the question of whether the appellant may be compelled to admit to his adjudication as a youthful offender.

The rule that a youthful offender adjudication may not be used for impeachment purposes rests upon the ground that the youthful offender adjudication is not a conviction for a crime *(see,* CPL 720.35 [1]; *People v Gray, supra,* at 712; *People v Cook,* 37 NY2d 591, 595). The inquiry herein turns not on whether a youthful offender adjudication is a conviction for a crime, but on the separate question of whether, in the face of a statutory grant of confidentiality to the records related to the youthful

offender adjudication, the youthful offender can be compelled to divulge the contents of the confidential records.

This narrow question and our conclusion that the appellant cannot be compelled to divulge the content of the confidential records is not a suggestion or determination that his youthful offender adjudication renders him immune from questioning about the events which occurred on February 12, 1992.

The information the plaintiff seeks to have the appellant disclose: (1) the charge against him, (2) the Penal Law provisions to which he pleaded guilty, and (3) that he was adjudicated a youthful offender, is the information which is the essence of the confidential records and papers.

To require such disclosure would undermine the statutory grant of confidentiality. The requested admissions would require the appellant to reveal the information contained in the confidential records and papers and only the physical records and papers on which the information is recorded would remain confidential.

It is illogical to conclude that there is a distinction between the confidentiality of the physical records and papers, as opposed to the information they hold. To attach special significance to physical records and papers, when it is only the information contained in them which could be of interest or probative value to a person seeking disclosure of their content, would be, in the most literal sense, to place form over substance. Sound policy, good law, and rational thought cannot rest on such sophistry.

Use of confidential information regarding a youthful offender adjudication, if improperly obtained, is not permitted *(see, Royal Globe Ins. Co. v Mottola,* 89 AD2d 907). Should circumstances warrant the release of the information contained in the confidential records and papers an application can be made pursuant to CPL 720.35 (2) to the court which rendered the youthful offender adjudication *(see, Royal Globe Ins. Co. v Mottola, supra).* This procedure was followed by the plaintiff when it moved in Nassau County, District Court, for release of the records. Although the plaintiff was unsuccessful in that application it chose not to appeal. Instead, it seeks to defeat the statutory grant of confidentiality by circumvention.

In seeking to establish its case against its own insured by piercing the statutory grant of confidentiality, the plaintiff is attempting to place its own interests in disclaiming coverage under the insurance policy above the protection granted to

youthful offenders by the Legislature. The public interest in giving effect to the Legislature's intentions is greater than allowing the disclosure now sought at the expense of the youth intended to benefit from the legislative plan.

CPL 720.35 (2) is not to be construed as but a minor obstacle to be easily overcome by the plaintiff as it seeks to cast aside the statutory protection afforded to the appellant. The confidentiality of information is part of the comprehensive legislative plan to relieve youthful offenders of the consequences of a criminal conviction and give them a "second chance". This involves "sealing of all court papers from the time of arraignment, for the privacy of all court proceedings, and for the ultimate withholding of a criminal record from the offender upon his adjudication as a youthful offender" (Mem of State Exec Dept in support of L 1971, ch 981, 1971 McKinney's Session Laws of NY, at 2516). "Youthful offender status is designed to protect young offenders. It permits the court to mete out fair punishment for a young adult's crimes and transgressions *yet mitigates future consequences* in recognition of, *inter alia,* the youth's lack of experience and the court's hope for his future constructive life" *(People v Gordon S.,* 89 AD2d 912, 913 [emphasis added]). "The primary advantage of such treatment is the avoidance of the stigma *and practical consequences* which accompany a criminal conviction" *(People v Cook,* 37 NY2d 591, 595, *supra* [emphasis added]).

In order to give effect to these legislative intentions, the appellant's motion for a protective order must be granted. To establish, by a contrary ruling, a policy under which a youthful offender knows that the privacy and confidentially granted by CPL 720.35 could be broken, would have a chilling effect on the willingness of a charged youth to accept a plea which includes his or her adjudication as a youthful offender. This contravenes the goals envisioned by the youthful offender policy.

*Yung-Fu Chow v Boonyam* (240 AD2d 737), cited by the dissent, does not warrant denial of the appellant's motion for a protective order. In that case the file of the defendant's criminal proceedings had been sealed, with Family Court Act § 166 cited as the authority therefor. The decision therein makes no reference to Family Court Act § 380.1 (3) or § 381.2 (1) to which the dissent refers. While CPL 720.35 (2) specifically states that records concerning a youthful offender adjudication are "confidential", Family Court Act § 166 states that Family Court records "shall not be open to indiscriminate public inspection"

*(see also, People v Brailsford,* 106 AD2d 648; Besharov, Practice Commentary, McKinney's Cons Law of NY, Book 29A, Family Ct Act § 166, at 118) and expressly states that "the court in its discretion in any case may permit the inspection of any papers or records".

The plaintiff's contention, that by claiming insurance coverage the appellant has placed in issue the nature of his conduct, and thus waived the confidentiality protections of CPL 720.35, is without merit, and is not supported by the cases the plaintiff cites, such as *Kalogris v Roberts* (185 AD2d 335), *Taylor v New York City Tr. Auth.* (131 AD2d 460), and *Lundell v Ford Motor Co.* (120 AD2d 575). In those cases, criminal records were sealed pursuant to CPL 160.50, following which a related civil action was commenced by the former criminal defendant. In this case the appellant did not commence a civil lawsuit putting into issue elements common to both the civil litigation and the prosecution resulting in his adjudication as a youthful offender, and thus did not waive any protections afforded by CPL 720.35.

The plaintiff should not be permitted to compel the appellant to divulge the content of confidential records by the use of disclosure devices. The use of a notice to admit is particularly inappropriate. It is being used in an attempt to eliminate as an issue the very material fact in controversy, or to establish a fact as to which there is a controversy, or to seek admissions as to a matter which, in view of the statutory grant of confidentiality, is not " 'easily provable' " *(Taylor v Blair,* 116 AD2d 204, 206; *see also, Yates v Dow Chem. Co.,* 68 AD2d 907).

Accordingly, the order of the Supreme Court is reversed, and the motion by the appellant for a protective order striking the notice to admit and prohibiting the plaintiff from seeking this same information by any other disclosure device is granted.

GOLDSTEIN, J. (dissenting). At issue here is whether CPL 720.35 (2) precludes disclosure of facts relating to the appellant's youthful offender adjudication.

As a result of an incident which occurred on February 12, 1992, the appellant was charged with assault in the third degree. The victim of the alleged assault also commenced a civil action to recover damages for personal injuries against, *inter alia,* the appellant. In June 1992 the appellant served State Farm Fire and Casualty Co. (hereinafter the plaintiff) with a copy of the summons and complaint in that civil action, and demanded that the plaintiff defend and indemnify him. In

response, the plaintiff commenced the instant action for a judgment declaring that it had no obligation to defend and indemnify the appellant, on the ground that the appellant's conduct was intentional and not covered by the policy.

Meanwhile, in or about August 1992 the appellant was sentenced by the District Court, First District, Nassau County, as a youthful offender in the criminal proceeding and all records in the proceeding were sealed pursuant to CPL 720.35. The plaintiff moved in the District Court, First District, Nassau County, to unseal the records, but the motion was denied, *inter alia,* on the ground that "movant has made no showing of its efforts, if any, to prove its case by other means than unsealing the records".

Thereafter, the plaintiff served a notice to admit pursuant to CPLR 3123, seeking the appellant's admission that he pleaded guilty in the criminal proceeding to an intentional act or attempt to commit an intentional act. The appellant moved for a protective order, striking the notice to admit, and the motion was denied, on the ground that the appellant's motion was "not supported * * * with case or statutory authority".

Prior to the appellant's sentencing as a youthful offender, the confidentiality of proceedings relating to the appellant's prosecution for assault in the third degree was optional in the discretion of the court *(see,* CPL 720.15 [2]). Only upon his sentencing and the appellant's adjudication as a youthful offender *(see,* Governor's Approval Mem, 1971 NY Legis Ann, at 590), did CPL 720.35 (2) come into play. That subdivision provides, in pertinent part: "all official records and papers, whether on file with the court, a police agency or the division of criminal justice services, relating to a case involving a youth who has been adjudicated a youthful offender, are confidential" and may only be made available to specified agencies or "where specifically required or permitted by statute or upon specific authorization of the court". Thus, in order to obtain "official records and papers", the plaintiff needed the approval of the court which rendered the youthful offender adjudication *(see, Royal Globe Ins. Co. v Mottola,* 89 AD2d 907).

The majority intimates that the plaintiff's remedy was to appeal from the order of the District Court, First District, Nassau County, denying its motion to unseal the records of the youthful offender proceeding. However, that motion was denied on the ground that the plaintiff failed to demonstrate efforts to prove its case by means other than unsealing the records. The plaintiff's use of CPLR 3123 constitutes an effort to prove its

case by means other than unsealing and examining the records, and is not inconsistent with the order of the District Court. Accordingly, the plaintiff's failure to appeal from the order of the District Court has no relevance to the issues presented here.

In a subsequent criminal prosecution of a youthful offender, the youthful offender adjudication may not be used to impeach the youthful offender's credibility, should he or she testify in his or her own behalf, since it is not a criminal conviction *(see, e.g., People v Greer,* 42 NY2d 170, 176; *People v Rahming,* 26 NY2d 411). However, the statute does not impose a blanket prohibition against all inquiry into a youthful offender adjudication *(see, Matter of Cacchioli v Hoberman,* 31 NY2d 287; *Davis v State of New York,* 54 AD2d 126). For example, inquiry into arrests leading to a youthful offender adjudication may be appropriate on applications for public employment *(see, Matter of Bell v Codd,* 57 AD2d 814). As the Court noted in *Davis v State of New York (supra,* at 129, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 74), a court cannot add provisions to a statute by implication, since " '[i]f the legislature had intended the statute to include the matter in question, it would have been easy for them *[sic]* to have said so and to have expressly included it' ". Literal interpretation of statutory language does not, as the majority contends, improperly exalt form over substance. The Court of Appeals has repeatedly held that statutory interpretation should not go beyond the plain language of the statute, unless the statutory language itself is ambiguous *(see, Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp.,* 87 NY2d 410, 417-418; *Matter of Capital Newspapers v Whalen,* 69 NY2d 246, 252-253; *Roth v Michelson,* 55 NY2d 278, 282-283).

The language of CPL 720.35 (2) is in stark contrast to provisions of the Family Court Act, which prohibit the disclosure of "information" relating to a juvenile delinquency proceeding (Family Ct Act § 380.1 [3]) and prohibit the use in court of any "confession, admission, or statement" of an alleged juvenile delinquent against the juvenile's interest (Family Ct Act § 381.2 [1]). Nevertheless the Family Court Act does not impose a blanket prohibition against disclosure of the records of a juvenile delinquency proceeding, and disclosure may be granted in a civil action *(see, Yung-Fu Chow v Boonyam,* 240 AD2d 737). In that case, this Court permitted an in camera inspection of Family Court records relating to a juvenile delinquency adjudication, to determine whether the records contained dis-

closable information which shed light on the culpability of the person adjudicated a juvenile delinquent, in an action in which he was a defendant. Contrary to the majority's conclusion, such records are confidential *(see,* CPL 725.15; *Matter of Herald Co. v Mariani,* 67 NY2d 668). In view of the holding in *Yung-Fu Chow v Boonyam (supra),* it appears that the fact that the instant action was brought by the plaintiff against the appellant is not determinative.

Analogies can also be drawn between CPL 720.35 and CPL 160.50, which also provides for the sealing of records where the criminal proceeding is terminated in favor of the accused. However, as this Court noted in *Kalogris v Roberts* (185 AD2d 335, 336), the protections of CPL 160.50 "may not be used * * * to gain advantage in a civil action". "Where a party puts into issue in a civil action elements common both to the civil action and to a criminal prosecution, that party waives the privilege conferred by CPL 160.50 *(see, Gebbie v Gertz Div. of Allied Stores,* 94 AD2d 165)" *(Lundell v Ford Motor Co.,* 120 AD2d 575, 576; *see, Taylor v New York City Tr. Auth.,* 131 AD2d 460, 462). The appellant did not commence the instant action for a declaratory judgment. However, as previously noted, the question of who commences the civil action is not determinative *(see, Yung-Fu Chow v Boonyam, supra).* This action is a defensive response to the appellant's demand for affirmative relief: that the plaintiff defend and indemnify him. The question of which party wins or loses the race to the courthouse should not be determinative of a party's rights *(see, Junior v City of New York,* 85 AD2d 683). Since the appellant seeks affirmative relief and the instant action was brought to defend against the appellant's claims, the appellant waived any privilege he may have had relating to the particulars of his admissions in the criminal proceeding.

As the majority notes, the protections of CPL 720.35 (2) were intended to mete out punishment while shielding the youthful offender from the stigma of a criminal conviction and its "future consequences in recognition of, *inter alia,* the youth's lack of experience and the court's hope for his future constructive life" *(People v Gordon S.,* 89 AD2d 912, 913). It was not intended to be used as a sword, to allow him to deny, with impunity, any culpability for the acts underlying his youthful offender adjudication *(see, District of Columbia v Cooper,* 483 A2d 317, 322-323 [DC App]). The appellant's interest in this action is not in a "future constructive life" free of the stigma of a

criminal conviction, but rather, in obtaining insurance coverage for the very act which formed the basis of his youthful offender adjudication, despite a policy provision denying coverage for intentional acts. Protection of that interest is beyond the scope of the protections afforded by CPL 720.35 (2) and would be contrary to the legislative intent to mete out punishment for that specific act.

Accordingly, I vote to affirm the order appealed from.

O'BRIEN, J. P., and McGINITY, J., concur with LUCIANO, J.; GOLDSTEIN, J., dissents in a separate opinion.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the plaintiff's notice to admit is stricken.