Martin A. LEHMAN, Plaintiff,

v.

Barbara A. KORNBLAU, individually and in her official capacity as an Assistant District Attorney of Nassau County, Dennis E. Dillon, individually and in his official capacity as District Attorney of Nassau County, Francis D. Quigley, individually and in his official capacity in the Nassau County District Attorney's Office, Robert L. Emmons, individually and in his official capacity in the Nassau District Attorneys Office, Rodolfo Barrio, individually and in his official capacity as a Nassau County Police Officer, Joseph Molinelli, Mary Flynn, County of Nassau, and the United States Postal Service, Defendants.

CV–99–6517 (ADS)(WDW).

United States District Court, E.D. New York.

Sept. 24, 2001.

**346**

## ORDER

WALL, United States Magistrate Judge.

Before the court is a motion by the pro se plaintiff, Martin Lehman, to compel discovery from various defendants and non-parties, each of whom has submitted opposition papers. The motion is granted in part and denied in part, for the reasons set forth *infra*.

## BACKGROUND

This lawsuit arises out of a claim by the plaintiff, an orthopedic surgeon in Nassau County, that the defendants conspired to maliciously prosecute him for insurance fraud. Apparently, he was one of the individuals targeted by an undercover investigation known as "Operation Backbone." The complaint alleges that after an 8 week trial, the plaintiff was acquitted of all charges against

him. The complaint asserts claims, *inter alia*, pursuant to 42 U.S.C. §§ 1983 and 1985. By Memorandum of Decision and Order of District Judge Spatt dated March 8, 2001, all claims were dismissed as against several defendants, and some claims were dismissed as to the remaining defendants. The remaining parties were directed to report to the undersigned to proceed with discovery.

## DISCUSSION

### Service of Discovery Demands on Non-Parties:

 The non-parties involved in this motion, Atlantic Mutual Insurance Co., the National Insurance Crime Bureau, Cigna Insurance Co., Zurich American Insurance Co., and Sunnydale Farms, were previously named defendants in this action, but all claims against them were dismissed. Despite the dismissal, the plaintiff served a First Set of Interrogatories and Request for Production of Records on some of these former defendants. Any interrogatories or requests for production of documents served on non-parties are a nullity. Discovery of non-parties must be conducted by subpoena pursuant to Fed.R.Civ.P. 45, not the rules governing discovery of parties.

The plaintiff did serve subpoenas on several dismissed defendants' counsel by certified mail, and some of those defendants object to the subpoenas on the ground of improper service, discussed *infra*.

### Non-Party Objections Based on Service of Subpoenas:

 Former defendants, now non-parties, Atlantic Mutual Insurance Company[1], National Insurance Crime Bureau, and ACE American Insurance Company, formerly known as Cigna Insurance Company, object to the subpoenas served by the plaintiff on the ground of improper service. The plaintiff apparently served the subpoenas by certified mail on counsel for the non-parties. He justifies this service by reference to Fed. R.Civ.P. 5(b), which provides that "Whenever under these rules service is required or per-

---

1. The court notes that the subpoena served on Atlantic Mutual Insurance Company's counsel also lists individual former defendants George Roberts and Scott Jaffer, but the demand for documents is directed only to the insurance company.

mitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court." The non-parties correctly note that this rule is inapplicable to them, because the rule expressly applies only to parties. The applicable rule, 45(b), requires that service of a subpoena upon a person named in the subpoena "shall be made by delivering a copy thereof to such person ..." Inasmuch as the plaintiff failed to serve the non-parties in accordance with Rule 45(b), this court finds that service was improper.

The court notes that non-parties Daphne J. Stasco and Sunnydale Farms have not objected to service of a subpoena on this ground, but raise a specific objection based on privilege, discussed *infra.*

### New York Criminal Procedure Law § 160.50:

All of the parties and several of the non-parties object to the plaintiff's discovery demands or subpoenas on the ground that many of the documents he seeks were sealed pursuant to N.Y.Crim. Proc. Law § 160.50, and remain sealed. That statute provides, in pertinent part:

> 1. Upon the termination of a criminal action or proceeding against a person in favor of such person ..., the record of such action or proceeding shall be sealed.... Upon receipt of notification of such termination and sealing:
>
> (c) ... all official records and papers, including judgments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, relating to the arrest or prosecution ... on file with the division of criminal justice services, any court, police agency, or prosecutor's office shall be sealed and not made available to any person or public or private agency.

N.Y.Crim. Proc. Law § 160.50(1) (McKinney's 2001).

■ The primary purpose of the sealing of records pursuant to § 160.50 is to ensure confidentiality and to protect the individual from the potential public stigma associated with a criminal prosecution. *See Harper v.*

*Angiolillo,* 89 N.Y.2d 761, 766, 658 N.Y.S.2d 229, 680 N.E.2d 602 (1997). The sealing is not necessarily permanent, however. The records can be unsealed (*id.*), and "New York cases are clear that a party otherwise protected by a § 160.50 sealing of records can waive that protection by commencing a civil action and placing protected information into issue ..." *Green v. Montgomery,* 219 F.3d 52, 57 (2d Cir.2000) (citing *Kalogris v. Roberts,* 185 A.D.2d 335, 586 N.Y.S.2d 806, 807 (1992); *Taylor v. New York City Transit Auth.,* 131 A.D.2d 460, 461, 516 N.Y.S.2d 237 (1987)). The plaintiff argues that he waived the protection of the sealing when he put into issue in this civil action elements common to both this action and the criminal prosecution against him. The waiver does not, however, amount to an automatic unsealing, and even when it is the accused who requests the unsealing, "a former defendant does not have an absolute right to the disclosure of materials sealed pursuant to CPL 160.50." *Harper,* 89 N.Y.2d at 767, 658 N.Y.S.2d 229, 680 N.E.2d 602.

■ The threshold issue is how the unsealing can be effected under the circumstances presented here. A number of cases have considered the appropriate procedure to be followed to effect an unsealing of criminal records pursuant to § 160.50 in the context of discovery in a federal civil suit, and the consensus seems to be that a plaintiff can either apply to the state court to unseal the records, or can subpoena the District Attorney, or seek discovery if the District Attorney is a party to the proceeding. *See, e.g., Woodard v. City of New York,* 2000 WL 516890, at *3, 2000 U.S. Dist. LEXIS 5231, at *8 (E.D.N.Y. Mar. 10, 2000) (citing *Kymissis v. Rozzi,* 1994 WL 376048, 1994 U.S. Dist LEXIS 9814 (S.D.N.Y. July 18, 1994)); *Cruz v. Kennedy,* 1997 WL 839483, at *1, 1997 U.S. Dist. LEXIS 23012, at *4 (S.D.N.Y. Dec. 17, 1997); *Townes v. New York City,* 1996 WL 164961, at *10, 1996 U.S. Dist. LEXIS 20220, at *29–30 (E.D.N.Y. Mar. 28, 1996). If the district attorney moves to quash a subpoena, or objects to a discovery demand, the issue is appropriately before the federal court. *See Townes,* 1996 WL 164961, at *10, 1996 U.S. Dist. LEXIS 20220, at 29–30; *see*

*also King v. Conde,* 121 F.R.D. 180, 187 (E.D.N.Y.1988) ("New York state law does not govern discoverability and confidentiality in civil rights actions. Federal discovery is somewhat more liberal than New York State discovery.")

■ As the court in *Cruz* observed, "it should be emphasized that New York State law does not govern discoverability and confidentiality in federal civil rights actions, and ... state privacy rules ... should never be permitted to 'frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983.'" 1997 WL 839483 at *1–2, 1997 U.S. Dist. LEXIS 23012 at *4–5 (quoting *King,* 121 F.R.D. at 187). Here, it would appear that some of the documents the plaintiff seeks are documents that fall under the purview of § 160.50. This court finds that because the documents have been sought in a discovery demand to the party District Attorney, and they are apparently in that party's possession, the plaintiff need not apply to state court to have the documents unsealed. Issues of the documents' discoverability are properly before this court, and those issues will be considered. As a threshold matter, this court finds that the defendant is, generally, entitled to the "official records and papers" that were sealed pursuant to § 160.50, and they must be produced, subject to the additional rulings in this order regarding exceptions and privileges raised by the defendants. In this regard, the County defendants argue that because the plaintiff is entitled to the unsealing only of "official records and papers," other material, such as "internal memorandum and reports may not be disclosed, even where a record is unsealed, as they do not constitute official records." County Defs. Aff. in Opp. at ¶ 9. The argument is not convincing. The "official records and papers" language limits what documents will be sealed pursuant to § 160.50; it does not limit discoverability of

other documents under federal law. There may be grounds for a protective order as to documents that do not comprise part of the "official records and papers," or grounds to protect documents that are part of the official record, based on the exceptions set forth in *Harper,* but if the defendants wish to rely on such grounds, they will have to provide the court with a legal basis for their application. This ruling applies also to the defendants' argument that "specific video and audio devices used by the District Attorney and Police Department" should be protected from disclosure. That may be the case, but the defendants have presented an insufficient basis for such a finding at this time.

If they wish to pursue these lines of argument, the defendants are ordered to serve and file a privilege log of the documents or devices they claim should be protected, along with a memorandum of law, containing legal argument in support of their privilege claims.[2] The privilege log must "identify the nature of the privilege that is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked." Local Civil Rule 26.2 for the U.S. Dist. Courts for the Southern and Eastern Districts of New York. The log must also indicate the type of document, general subject matter, date and other information sufficient to identify the document, and any other information required by Local Rule 26.2. The court will inform the defendants if the documents need to be submitted for *in camera* review.

Other objections have also been raised to the plaintiff's discovery demands, and they will be considered in turn.

### Grand Jury Proceedings:

■ The County defendants argue that, pursuant to N.Y.Crim. Proc. Law § 190.25(4), proceedings of the Grand Jury are confidential and not subject to disclosure without a showing of a compelling and particularized need for the material, and that any

---

**2.** The memorandum of law must be signed by an attorney admitted to practice in this court and must contain that attorney's federal court number. Affidavits containing legal argument will not be accepted. The parties are reminded that although some issues involving state law are presented here, discovery issues in federal court are governed by the federal courts' application of such law, and the parties' citations to authority should reflect that fact. The court regrets the necessity of having to remind the attorneys of these fundamentals of federal court practice.

application for release of grand jury proceedings must be made to the state court. While the defendants overstate the limits on this court's powers with regard to discovery of grand jury papers, the court finds that as a matter of comity the plaintiff should first make his application to the state court that supervised the grand jury at issue. *See Ruther v. Boyle*, 879 F.Supp. 247, 250 (E.D.N.Y.1995). "If after reviewing the plaintiff's application, the state court supervising the grand jury decides that secrecy of the grand jury proceedings is still warranted, then the plaintiff may challenge the state court's decision before this court." *Id.* at 252 (citing *Lucas v. Turner*, 725 F.2d 1095, 1099 (7th Cir.1984)).

### Home Addresses:

The plaintiff has asked for the home addresses of a number of parties and other individuals. The plaintiff has presented no reason why he needs such information, and the court will not order the disclosure of those addresses.

### Work–Product and Attorney Client Privileges:

The County defendants have objected to the production of some documents on the basis of the work product privilege. The court has no basis for determining the applicability of this privilege, however, because the defendants have not produced a privilege log, nor have they submitted the allegedly privileged documents for *in camera* review. They are ordered to submit any relevant documents responsive to the defendant's demands that they claim are protected by the work product privilege to the court for *in camera* inspection within 30 days of the date of this order, and to include a description of these documents on their privilege log. The privilege log shall, of course, be served on the plaintiff and the other parties and non-parties.

Non-parties Stasco and Sunnydale Farms object to the production of a single document on the basis of attorney client privilege. They are ordered to submit the document to the court for *in camera* review, and to submit a brief legal argument stating why the document should not be disclosed.

### Information about Other Health Care Providers:

The County defendants claim that they should not be required to provide information about other health care providers because production of such material is irrelevant, and "would violate the right of privacy of unindicted orthopedic surgeons and healthcare providers." While some information about other providers may be relevant, the court agrees that the names of such providers are confidential and that the plaintiff has provided no compelling argument to overcome that protection. Thus, the plaintiff's motion is denied as to the production of their names or other identifying information. The plaintiff may renew his request as to other relevant information if he chooses to do so.

### Responses from the Federal Defendants:

The United States Postal Inspection Service and Mary Flynn, both of whom are represented by the United States Attorney, have responded to the discovery demands served on them. The USPIS states, as a response to most of the document demands, that it is not in possession of any responsive documents, because they were turned over to the Nassau County District Attorney. Presumably, these are the documents claimed by the County defendants to be sealed pursuant to § 160.50. Now that the court has unsealed those documents, the federal defendants will have to submit a privilege list and memorandum of law if they wish to pursue any privilege arguments in regard to documents originally generated by them. It is unclear from the papers before the court if there are any further outstanding issues that the plaintiff is raising in regard to the federal defendants' responses.

### Conclusion:

A summary of the rulings in this order is as follows:

1) Service of subpoenas by certified mail on counsel for former parties is improper, and those subpoenas need not be responded to.

2) Documents that comprise the "official records and papers" of the plaintiff's prosecution, that were sealed pursuant to

N.Y.Crim. Proc. Law § 160.50, are deemed unsealed and must be produced in accordance with the other rulings in this order, within 30 days of the date of this order. Production of any documents that are part of the official record but allegedly protected by an exception or privilege raised by the defendants is stayed pending submission of additional legal argument and a decision based on that argument.

3) Memoranda of law, as outlined *supra*, must be served and filed within 30 days of the date of this order.

4) The privilege logs required by this order must be served and filed within 30 days of the date of this order.

5) Any documents claimed to be protected by the work product or attorney client privilege must be submitted to the court for *in camera* review, along with the privilege logs and memoranda of law.

6) The plaintiff's motion is denied as to the production of documents that comprise grand jury proceedings, the home addresses of parties and non-parties, and the names of other health care providers subject to investigation in "Operation Backbone." The plaintiff should, if he wishes, apply to the state court that supervised the grand jury proceedings for release of documents related to those proceedings. He may then return to this court if he believes that the state court determination was incorrect.

**SO ORDERED:**