■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON S., Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Ellison, J.), imposed September 16, 1981, upon his adjudication as a youthful offender following his plea of guilty to attempted robbery in the second degree, the sentence being a period of imprisonment of one year. Sentence affirmed and case remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd

5). On January 14, 1981, the 16-year-old defendant tried to steal a pocketbook from a 77-year-old woman who was walking in the parking lot of a supermarket in North Babylon, New York. The defendant knocked the woman to the ground and grabbed the pocketbook. She held on, and he dragged her in the snow until the pocketbook handle broke off. The defendant fled. The woman suffered contusions on her chest but did not require hospitalization. The defendant was indicted on one count of second degree robbery and two counts of third degree grand larceny. He entered a plea of guilty to attempted robbery in the second degree and was sentenced to one year in the county jail, but was granted youthful offender status. He had one prior arrest, for petit larceny in 1979, with the Family Court dismissing the charge. We have reviewed the record in this case. There was no abuse of discretion, and the sentence was neither excessive nor harsh. The sentence was legal. Youthful offender status is designed to protect young offenders. It permits the court to mete out fair punishment for a young adult's crimes and transgressions yet mitigates future consequences in recognition of, *inter alia,* the youth's lack of experience and the court's hope for his future constructive life. It is one of the most effective devices we have for striking the balance between competing valid interests. It was well used here. We thus affirm. Mangano, J. P., Gibbons, Thompson and Rubin, JJ., concur.

Brown, J., dissents and votes to modify the sentence, with the following memorandum: I would modify the sentence imposed herein and substitute therefor a sentence of 60 days' incarceration and five years' probation as recommended by the Department of Probation. Without in any sense minimizing the seriousness of the crime herein, it is my view that such sentence would strike an appropriate balance between the need to deter the defendant from future criminal conduct and the benefits to be derived from probation supervision. Moreover, it would permit the court to impose a more severe sentence in the event that the defendant in anywise violates the terms and conditions of probation.