■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD K., Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Harrington, J.), imposed June 23, 1983, upon his adjudication as a youthful offender, after his plea of guilty to attempted burglary in the second degree, the sentence being a period of probation not to exceed five years with the special condition that he be committed to the custody of the Nassau County Correctional Center for six months. Sentence affirmed. No opinion. Mollen, P. J., Mangano and Thompson, JJ., concur.

Brown, J., dissents and votes to modify the sentence, with the following memorandum: I would modify the sentence by imposing a term of five years' probation with the condition that the defendant participate in a drug and alcohol counseling program as recommended by the Probation Department. To briefly recount the facts, defendant was charged in a superior court information with burglary in the second degree. On December 25, 1982, in the early morning hours, the defendant and a companion entered the home of the defendant's next door neighbor, whom he knew to be on vacation. Two blank checks and a bottle of wine were taken. One check was recovered. The other check, in the amount of $200, was cashed. The defendant was under the influence of drugs and alcohol at the time of the burglary. No restitution was sought by the complainant. Defendant, who was 18 years old at the time of the crime and had no prior record of criminal involvement, eventually pleaded guilty to attempted burglary in the second degree and was sentenced as a youthful offender to five years' probation together with a period of six months' incarceration. Without in any sense minimizing the seriousness of the offense,

it is my view that, given the defendant's youth, the circumstances under which he committed the offense and his total lack of any prior involvement with the law, there was no purpose to be served by imposing a condition of incarceration. The interest of justice and those of the community at large, as well as the prospects for rehabilitating defendant and deterring him from any further criminal activity, would have been better and more appropriately served by a probationary sentence without providing for a condition of incarceration in addition thereto (see dissenting mem by Brown, J., in *People v Gordon S.,* 89 AD2d 912, 913).