Ronald MODESTE, Petitioner,

v.

**Martin F. HORN, Commissioner, New York City Department of Probation and Andrew Cuomo,[1] Attorney General of the State of New York, Respondents.**

No. 06–CV–4584 (SJF).

United States District Court, E.D. New York.

Aug. 3, 2007.

---

1. In filing his petition, Petitioner named former Attorney General of the State of New York, Eliot Spitzer, as a respondent. Petitioner presumably did this because Eliot Spitzer was the Attorney General at the time of filing. However, since that time, Andrew Cuomo has succeeded Eliot Spitzer as Attorney General of the State of New York. The Court substitutes Andrew Cuomo for Eliot Spitzer as a party in this action. *See* Fed. R.Civ.P. 25(d) (1) ("When a public officer is party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party .... An order of substitution may be entered at any time, but the omission of such an order shall not affect the substitution."). The Clerk of the Court is directed to amend the docket sheet in this case.

Alan S. Axelrod, New York, NY, for Petitioner.

New York State Attorney Generals Office, Queens County District Attorneys Office, Jodi A. Danzig, Office of the NY State Attorney General, New York, NY, for Respondents.

## OPINION & ORDER

FEUERSTEIN, District Judge.

## I. Introduction

On September 23, 2003, petitioner Ronald Modeste ("Petitioner") was convicted of one (1) count of assault in the third degree and one (1) count of harassment in the second degree after a bench trial in the Criminal Court of the City of New York, Queens County. He was subsequently adjudicated a youthful offender and sentenced to three (3) years of probation. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied and dismissed.

## II. Background

### A. Facts

On January 15, 2003, in Queens County, New York, at approximately 3:20 p.m., Petitioner, who was then sixteen (16) years old, approached a schoolmate who was waiting at a bus stop and punched him repeatedly in the face and back. The schoolmate was injured and required six (6) stitches around his eye.

### B. Procedural History

Petitioner was charged with one (1) count of assault in the third degree, an A misdemeanor which carries a maximum sentence not to exceed one (1) year, N.Y. Penal Law § 120.00(1); N.Y. Penal Law § 70.15(1), and one (1) count of harassment in the second degree, a violation, N.Y. Penal Law § 240.26(1). Petitioner was tried during a one (1) day bench trial and was convicted of both charges. Pursuant to New York's youthful offender procedure, the trial court subsequently adjudicated Petitioner a youthful offender, vacated his criminal conviction, and sentenced him to three (3) years of probation. *See* New York Criminal Procedure Law ("NYCPL") §§ 720.00–720.60.

Petitioner appealed the judgment to the Appellate Term of the New York Supreme Court, Second Department. Petitioner raised two (2) claims on appeal: 1) that he was denied his constitutional right to a jury trial; and 2) that his due process rights were violated by improper admission of evidence. On July 13, 2005, the Appellate Term affirmed Petitioner's conviction. *See People v. Ronald M.*, 9 Misc.3d 138 (N.Y.Sup.App. Term 2d Dep't. 2005). The Appellate Term held that Petitioner was not entitled to a jury trial because his conviction was vacated and replaced with a youthful offender finding, which is not the equivalent of a conviction for a crime, and because the maximum penalty that Petitioner faced under the youthful offender procedure was six (6) months of incarceration. The court concluded that, based upon the maximum potential sentence of six (6) months, the offense with which he was charged was "petty" and did not entitle him to a jury trial. The Appellate Term held that Petitioner's due process claim was meritless and unpreserved. Petitioner sought leave to appeal to the New York Court of Ap-

peals, which was denied on September 12, 2005. *See People v. Ronald M.*, 5 N.Y.3d 832, 804 N.Y.S.2d 47, 837 N.E.2d 746 (2005).

█ On August 24, 2006, Petitioner filed the instant petition for a writ of habeas corpus, claiming that his Sixth Amendment right to a jury trial was violated.[2]

## III. The AEDPA

The Anti Terrorism and Effective Death Penalty Act ("AEDPA") governs petitions of state court defendants seeking federal habeas corpus relief. *See* 28 U.S.C. § 2254.

### A. Standard of Review

█ Pursuant to 28 U.S.C. § 2254(d) an application for a writ of habeas corpus that has met the procedural prerequisites

shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Adjudication on the merits" requires a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural or other ground. *Sellan v. Kuhlman*, 261 F.3d 303, 311 (2d Cir.2001).

█ Once claims have been adjudicated on the merits, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); 28 U.S.C. § 2254(d)(1). Alternatively, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Williams*, 529 U.S. at 413, 120 S.Ct. 1495; 28 U.S.C. § 2254(d)(1). Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir.2001). Under the AEDPA, determination of the factual issues made by a state court "shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## IV. Analysis

Petitioner was eligible for youthful offender status pursuant to New York's youthful offender procedure, which provides that an individual between the ages of sixteen (16) and nineteen (19) charged with committing a crime (except for certain felonies) and who has not been previously convicted of a felony nor adjudged a

---

**2.** Petitioner satisfies the "in custody" requirement of 28 U.S.C. § 2254(a) because for habeas corpus purposes, custody includes proba-

tion. *See Maleng v. Cook*, 490 U.S. 488, 491, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

youthful offender is eligible for youthful offender status. NYCPL §§ 720.10(1),(2). An "eligible youth" is first tried "as any criminal defendant would be." *Capital Newspapers Div. of Hearst Corp. v. Moynihan*, 71 N.Y.2d 263, 268, 525 N.Y.S.2d 24, 519 N.E.2d 825 (1988). If the trial is in a local criminal court (as was the case with Petitioner), it must be a single judge trial. NYCPL § 340.40(7). If the "eligible youth" is convicted, the court engages in a youthful offender status determination.

Designation of an "eligible youth" as a youthful offender is at the discretion of the trial court, unless the conviction is in a local criminal court (as was the case with Petitioner), in which case the court *must* find an "eligible youth" a youthful offender. NYCPL § 720.20(1). If an "eligible youth" is adjudged a youthful offender, the conviction is vacated and the sentence may not exceed six (6) months of incarceration. *See* NYCPL § 720.20(3); N.Y. Penal Law § 60.02(1).[3]

Petitioner contends that bench trials, as mandated by NYCPL § 340.40(7), violate the Sixth Amendment right to a jury trial for all defendants criminally prosecuted for serious offenses. U.S. Const. amend. VI; *Blanton v. City of North Las Vegas*, 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989); *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); *Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Petitioner asserts that the Appellate Term's characterization of the offense with which he was charged as "petty," rather than "serious," was erroneous and therefore he was entitled to a jury trial.[4]

■ When characterizing an offense as "serious" or "petty," courts look to "objective indications of the seriousness with which society regards the offense," *Frank v. United States*, 395 U.S. 147, 148, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969), particularly the legislature's judgement of an offense's severity as measured by the maximum penalty authorized for that offense, *Lewis v. United States*, 518 U.S. 322, 326, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996). *See Blanton v. City of North Las Vegas*, 489 U.S. 538, 541, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989) ("The judiciary should not substitute its judgment as to seriousness for that of a legislature, which is far better equipped to perform the task." (quotation marks omitted)). *See also id.* at 542, 109 S.Ct. 1289 (reasoning that the deprivation of liberty imposed by imprisonment makes that penalty the best indi-

---

**3.** The youthful offender finding and resulting sentence together constitute a "youthful offender adjudication." NYCPL § 720.10(6).

**4.** Petitioner also contends that the Appellate Term erroneously concluded that a youthful offender adjudication is not the equivalent of a "conviction for a crime." *Ronald M.*, 9 Misc.3d at 138. This argument is misplaced. *See* NYCPL § 720.35(1) ("A youthful offender adjudication is not a judgment of conviction for a crime or any other offense ...."). *See also United States v. Canniff*, 521 F.2d 565, 569 (2d Cir.1975) ("[A] New York [youthful offender adjudication] ... is not deemed a criminal conviction."). For Sixth Amendment purposes, the relevant question is whether Petitioner was sub-

ject to a "criminal prosecution." *See* U.S. Const. amend. VI ("In all *criminal prosecutions*, the accused shall enjoy the right to a ... trial, by an impartial jury ...." (emphasis added)). Petitioner does not address this issue. *Cf. Raines v. Alabama*, 552 F.2d 660 (5th Cir.1977) (holding that the youthful offender procedure is not a criminal prosecution).

Nevertheless, even if the youthful offender procedure constituted a "criminal prosecution," since Petitioner's prosecution was for a "petty" offense, he was not entitled to a jury trial. *See, e.g., Lewis v. United States*, 518 U.S. 322, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996).

cator of whether the legislature considered an offense "petty" or "serious").

■■ An offense carrying a maximum term of incarceration of six (6) months or less is presumptively "petty," unless a defendant can show that the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense "serious."[5] *Blanton,* 489 U.S. at 543, 109 S.Ct. 1289. Offenses with maximum penalties of more than six (6) months of incarceration are presumptively "serious." *Baldwin,* 399 U.S. at 69, 90 S.Ct. 1886. The Supreme Court has emphasized that it looks to the maximum authorized penalty, and assumes that a defendant convicted of the offense in question would receive the maximum authorized sentence. *See Blanton,* 489 U.S. at 544, 109 S.Ct. 1289 ("It is not constitutionally determinative, therefore, that a particular defendant may be required to serve some amount of jail time less than six months.").

The Supreme Court most recently addressed this issue in *Lewis v. United States,* 518 U.S. 322, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996). The defendant in *Lewis* was charged with two (2) counts of obstructing the mail in violation of 18 U.S.C. § 1701, each count carrying a maximum authorized prison sentence of six (6) months. *Id.* at 324, 116 S.Ct. 2163. The trial judge granted the Government's motion for a bench trial, noting that she would not sentence the defendant to more than six (6) months of imprisonment. *Id.*

The Supreme Court held that no right to a jury trial exists where a defendant is prosecuted for multiple "petty" offenses. *Id.* at 323, 116 S.Ct. 2163.[6] The court

reiterated that an offense which carries a maximum prison term of six (6) months or less indicates the legislature's view that the offense is "petty." *Id.* at 328, 116 S.Ct. 2163. The court noted that "[t]he fact that petitioner was charged with two counts of a petty offense does not revise the legislative judgment as to the gravity of that particular offense, nor does it transform the petty offense into a serious one, to which the jury trial right would apply." *Id.* at 327, 116 S.Ct. 2163. "Where [there is] a judgment by the legislature that an *offense* is 'petty,' [courts] do not look to the potential prison term faced by a *particular defendant* who is charged with more than one such petty offense." *Id.* at 328, 116 S.Ct. 2163 (emphasis in original).

■ Petitioner contends that the Supreme Court's logic in *Lewis* extends to this case. He contends that the maximum penalty for the offense with which he was charged, a misdemeanor normally punishable by incarceration of up to one (1) year, is indicative of a legislative determination that the offense is "serious." He reasons that those convicted as youthful offenders and those convicted but ineligible for youthful offender status have committed the same offense, and that it is the legislature's view of the gravity of that offense, unaffected by considerations pertaining to the background of the particular defendant charged, which determines the seriousness of the offense. Essentially, Petitioner contends that the seriousness of his offense should be measured by the maximum sentence to which non-youthful offenders may be subjected. Petitioner also contends that the shorter maximum sentence authorized for youthful offenders charged

---

5. Three (3) years of probation, the sentence Petitioner received, is not onerous enough to make an otherwise "petty" offense "serious." *Blanton,* 489 U.S. at 542, 109 S.Ct. 1289.

6. The Court declined to address whether the judge's self-imposed limitation on sentencing affected the right to a jury trial. *Lewis,* 518 U.S. at 330, 116 S.Ct. 2163.

with "serious" offenses reflects a legislative intent to treat youthful offenders with greater leniency rather than a legislative opinion that crimes committed by such individuals are not "serious." *See generally People v. Drayton,* 39 N.Y.2d 580, 385 N.Y.S.2d 1, 350 N.E.2d 377 (1976) (the purpose of according youthful offender status is to avoid stigmatizing youthful offenders with criminal records). *Accord People v. Gordon S.,* 89 A.D.2d 912, 454 N.Y.S.2d 19 (App.Div.2d Dep't.1982); *Pina v. Hammock,* 109 Misc.2d 980, 441 N.Y.S.2d 344, 346 (N.Y.Sup.Ct.1981).

■ However, *Lewis* is not analogous to this case, as the issue here is the legislature's decision to set different penalties for a class of defendants, i.e., "youthful offenders," and not the penalty faced by any one particular defendant. Instead, the facts of this case are closer to those addressed in *Blanton v. City of North Las Vegas,* 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). In *Blanton* the Supreme Court considered whether there is a constitutional right to a trial by jury for persons charged with driving under the influence of alcohol ("DUI"), which carried a maximum term of six (6) months of imprisonment for first-time offenders. In concluding that those charged with first-time DUI offenses were not entitled to a jury trial, *id.* at 539, 109 S.Ct. 1289, the court addressed an argument similar to Petitioner's, noting, "we ascribe little significance to the fact that a DUI offender faces increased penalties for repeat offenses. Recidivist penalties of the magnitude imposed for DUI are commonplace and, in any event, petitioners do not face such penalties here," *id.* at 545, 109 S.Ct. 1289. Thus, individuals charged with committing the same act may be punished differently and those varying punishments are objective indicators in considering whether an offense is "serious" or "petty."

Since the focus is on the maximum authorized penalty, the legislature's decision to treat youthful offenders and non-youthful offenders differently is the objective indicator in determining the severity with which the legislature views the offense as committed by members of each category. As youthful offenders do not face a term of incarceration greater than six (6) months, crimes committed by youthful offenders are not "serious" offenses.

Petitioner faced a maximum penalty of six (6) months of incarceration, accordingly, the charged offense was not considered "serious" and he was not entitled to a jury trial under the Sixth Amendment.

## V. Conclusion

The petition for a writ of habeas corpus is denied and the proceeding is dismissed. Since Petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. *See also Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 112 (2d Cir.2000); *Kellogg v. Strack,* 269 F.3d 100, 102 (2d Cir.2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.